This pro se military pay case comes before the court on defendant’s motion for summary judgment. After consider *605 ing the various documents but without oral argument, the court concludes that there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law.
On March 25, 1969, plaintiff, who originally enlisted in the Army in 1966, reenlisted for a 6-year term. Approximately 2 years later, he was arrested and charged by civil authorities with numerous felonies. He was convicted of six felonies by a jury in the United States District Court for the Middle District of Georgia, and was sentenced to three concurrent terms of life imprisonment plus 32 years. The Court of Appeals for the Fifth Circuit affirmed. Plaintiff has been incarcerated by civil authorities since May 2, 1971, and is currently serving his sentences at the United States Penitentiary in Atlanta, Georgia.
In spite of his conviction and confinement in 1971, for reasons unknown, plaintiff was not discharged from the Army until November 13, 1975.[1] His pay and allowances ceased, however, with his arrest and incarceration by civil authorities. Plaintiff now seeks back pay and allowances for the period May 2,1971 through November 13,1975, and $100,000 punitive damages and $150,000 compensatory damages for defendant’s alleged "negligence” in failing to compensate him for the period in question. Plaintiff further claims costs and "reasonable attorney fees.”
Although plaintiff inexplicably was retained on the Army rolls after his arrest and conviction, he was statutorily precluded from receiving his pay and allowances. Section 503 of Title 37 of the United States Code specifically provides:
(a) A member of the Army . . . who is absent without leave or over leave, forfeits all pay and allowances for the period of that absence, unless it is excused as unavoidable.
Plaintiffs absence because of his confinement by civil authorities cannot be deemed "excused as unavoidable.” In fact, Department of Defense regulations implementing 37 U.S.C. § 503(a) specifically state that an absence such as *606 plaintiffs may not be so excused. Table 1-3-3 of the Department of Defense Pay and Entitlements Manual states:
When member is absent from duty in confinement by civil authorities or by military authorities for civil authorities and is tried and convicted [or] is discharged because of imprisonment or conviction by a civil court and the appeal does not result in acquittal then the absence may not be excused as unavoidable.
This regulation covers plaintiff who was tried and convicted and whose appeal did not result in acquittal. Army officials correctly determined that plaintiffs absence could not be excused as unavoidable and that therefore plaintiff was precluded by 37 U.S.C. § 503(a) from receiving pay and allowances during his period of confinement.
The Army’s decision comports not only with the statute and Defense Department regulations, but also with decisions of this court. In Borys v. United States, 201 Ct. Cl. 597, cert. denied, 414 U.S. 1001 (1973), we determined that the Army could permissibly conclude that a serviceman’s absence due to civil confinement was inexcusable even when the serviceman was acquitted of criminal charges. There we agreed with a decision of the Comptroller General that " 'the basis for excusing absences should be an absence of misconduct rather than a lack of criminal culpability,’ and that absence due to a member’s misconduct is not unavoidable.” 201 Ct. Cl. at 607. A similar conclusion was reached in Austin v. United States, 206 Ct. Cl. 719, 725, cert. denied 423 U.S. 911 (1975), where this court recognized that the reason for withholding pay from members on unexcused absences was to discourage those absences, caused by a serviceman’s own misconduct, which resulted in his unavailability for military duty.
Due to his own serious misconduct, plaintiff was confined by civil authorities and was unavailable to perform his duties for the Army. His absence could not be and cannot be excused as unavoidable. We therefore hold that plaintiff is precluded by 37 U.S.C. § 503(a) from prevailing on his claim for back pay and allowances.[2]
*607 it is therefore ordered, for the reasons stated above, that defendant’s motion for summary judgment be granted. The petition is dismissed.
Plaintiffs motion for reconsideration was denied March 2, 1979.

 Plaintiff was discharged pursuant to section VI, AR 635-206, which provides for the discharge of one who has been convicted by civil authorities for a crime for which the maximum penalty under the Uniform Code of Military Justice is death or confinement for more than one year.

 This decision moots plaintiffs claims for punitive and compensatory damages, as well as his claim for attorney’s fees.