1. The plaintiff, then acting pro se, in June 1978 filed a petition in this court. In January 1979, we dismissed that petition as not stating a claim upon which recovery could be granted (219 Ct. Cl. 604).
Following the plaintiffs reenlistment in the Army in 1969, on May 2, 1971, he was arrested and incarcerated by civilian authorities. A jury in the United States District Court for the Middle District of Georgia convicted him of six serious and shocking felonies, and he was sentenced to three concurrent terms of life imprisonment plus 32 years. The Court of Appeals for the Fifth Circuit affirmed his conviction in a lengthy opinion. United States v. Stone, 472 F.2d 909 (1973). Among other things, the court held that the jury justifiably had rejected the plaintiffs contention that he was insane when he committed the crimes. Id. at 913.
The plaintiffs military pay and allowances ceased upon his arrest and incarceration. For unknown reasons, however, he was not discharged from the Army until November 1975. In his petition, the plaintiff sought backpay and allowances for the period May 1971 to November 1975, and $100,000 punitive damages and $150,000 compensatory *798 damages for the government’s alleged "negligence” in failing to compensate him during that period.
In an order dated January 26, 1979, we granted the government’s motion for summary judgment and dismissed the petition. We held, 219 Ct. Cl. at 606, supra, that 37 U.S.C. §503(1976) barred the plaintiff from recovery. That section provides that a member of the Army who is absent without leave "forfeits all pay and allowances for the period of that absence, unless it is excused as unavoidable.” We noted, 219 Ct. Cl. at 606, supra, that a Department of Defense regulation implementing that statute provides that absence due to confinement by civilian authorities where the appeal does not result in acquittal "may not be excused as unavoidable,” and cited decisions of this court reflecting that principle. On March 2, 1979, we denied the plaintiffs motion for reconsideration.
2. On October 6, 1981, more than two-and-a-half years after we denied reconsideration, the plaintiff filed a motion for a new trial as well as a complaint for "statutory pay, benefits and allowances.” Now represented by counsel, the plaintiff seeks relief from our denial of his prior claim on the basis of newly discovered evidence that he states he did not know about or could not have discovered through due diligence at the time of the prior proceedings. According to the plaintiff, this evidence, consisting of plaintiffs military records, shows that he suffered from a serious mental disorder resulting from his service in Vietnam when he committed the crimes for which he was incarcerated.
The motion for new trial (counts 1 and 2 of his petition) raises this issue. The "complaint” (count 3 of the petition) seeks to recover amounts the government recouped against the plaintiffs reenlistment bonus and amounts it charged him for excess leave. Because the defendant’s response does not address count 3, we do not reach it at the present time.
3. The government’s response to the motion for a new trial properly characterizes it as a motion for relief from judgment under Rule 152. We agree with the government that the plaintiff has not met the standards of that rule.
(a) Rule 152(b) requires that a motion for relief from judgment on the basis of newly discovered evidence must be filed within one year after the judgment is entered. The *799 plaintiff did not file his motion for more than two-and-a-half years after the judgment. The motion is untimely.
(b) Relief from a judgment under the rule on the basis of newly discovered evidence will not be granted "unless it clearly appears that such evidence could not have been discovered prior to trial through the exercise of reasonable diligence and that the evidence is such as would probably change the outcome of the case.” Washington Medical Center v. United States, 211 Ct. Cl. 379, 380 (1977). The newly discovered evidence upon which the plaintiff relies (the plaintiffs military records) allegedly would establish that he was mentally ill when he committed the crimes involved. The plaintiffs prior awareness of those records is shown by his unsuccessful attempt to obtain them through discovery during the earlier proceedings in this case. Moreover, assuming arguendo that the evidence could be so viewed, it would not change the outcome of the case. The fact that the plaintiffs mental illness may have led him to commit the crimes that resulted in his absence without leave from the Army would not make that absence "excused as unavoidable.”
In effect, the plaintiff contends that he was not legally responsible for the criminal acts for which he was convicted. As noted above, however, plaintiff made that argument in his appeal from his criminal conviction, and the Court of Appeals for the Fifth Circuit rejected it.
The plaintiffs motion for a new trial is denied. This ruling does not affect the plaintiffs complaint for reenlistment bonuses and excess leave.