**Dennis N. PIXTON, Plaintiff–Appellant,**

v.

**B & B PLASTICS, INC. (doing business as Gambler), Michael Surman, and Russell Bringger, Defendants–Appellees.**

**No. 01–1012.**

United States Court of Appeals, Federal Circuit.

May 29, 2002.

Richard M. Saccocio, of Fort Lauderdale, FL, argued for plaintiff-appellant.

Richard C. Bagdasarian, of Boca Raton, FL, argued for defendants-appellees. With him on the brief was Amy D. Shield, of Boca Raton, FL.

Before MAYER, Chief Judge, RADER and DYK, Circuit Judges.

MAYER, Chief Judge.

Dennis N. Pixton appeals from the order of the United States District Court for the Southern District of Florida dismissing his cause of action for lack of subject matter

jurisdiction. *Pixton v. B & B Plastics, Inc.,* 99–6360–CIV (Dec. 20, 1999). Because the district court has subject matter jurisdiction over this case, we vacate the order of dismissal and remand for further proceedings.

### Background

Pixton is the owner of U.S. Patent Nos. 5,025,586 and 5,129,175 directed to plastic fishing lures. In April of 1992, he granted B & B Plastics, doing business as Gambler, an exclusive license to these patents. The license agreement provided that B & B pay a minimum annual royalty to Pixton, and in the event that sales dropped to such a level that the minimum royalty would not be met, B & B could cover the shortfall. If B & B chose not to cover the shortfall, Pixton had the option to either make the agreement non-exclusive or terminate it outright. Pixton alleges that in September or October of 1998, B & B breached the license agreement. Therefore, on November 24, 1998, Pixton allegedly notified B & B of its breach, terminated the license agreement, and demanded that it cease and desist from all prohibited infringing activities. In January of 1999, Pixton allegedly sent another cease and desist letter to B & B, and, when no response was forthcoming, filed suit for patent infringement. In response to Pixton's complaint, B & B pled that the license agreement was still in force because it had been orally modified to remove the minimum royalty provisions. Before the matter could proceed to trial, the district court concluded that it lacked subject matter jurisdiction because the underlying action sounded entirely in contract and did not arise under the patent laws. We have jurisdiction pursuant to 28 U.S.C. § 1292(c)(2).

### Discussion

■ Whether the trial court properly dismissed an action for lack of jurisdiction is a question of law that we review *de novo. Mars Inc. v. Kabushiki–Kaisha Nippon Conlux,* 24 F.3d 1368, 1371, 30 USPQ2d 1621, 1622 (Fed.Cir.1994). When a party has moved to dismiss for lack of subject matter jurisdiction, we view the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. atCt. 1683, 40 L.Ed.2d 90 (1974).

■ The district courts of the United States have original jurisdiction over any civil action arising under any Act of Congress related to patents and this jurisdiction is exclusive of the courts of the states. 28 U.S.C. § 1338 (2000). "To determine whether section 1338 jurisdiction attaches, the court must look to see whether the plaintiff has stated, in a well-pleaded complaint, a claim arising under the patent laws." *Jim Arnold Corp. v. Hydrotech Sys., Inc.,* 109 F.3d 1567, 1576, 42 USPQ2d 1119, 1127 (Fed.Cir.1997) (citing *Vink v. Schiff,* 839 F.2d 676, 676–77, 5 USPQ2d 1728, 1730 (Fed.Cir.1988)). "The well pleaded complaint rule contemplates that the answer to whether an action arises under federal law 'must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Id.* (citing *Vink,* 839 F.2d at 676–77 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983))).

■ Pixton argues that our holding in *Air Products & Chemicals, Inc. v. Reichhold Chemicals, Inc.,* 755 F.2d 1559, 225 USPQ 121 (Fed.Cir.1985), is controlling. Air Products and Chemicals, Inc. owned U.S. Patent No. 3,708,388 and granted a non-exclusive license to E.I. du-

Pont de Nemours and Company. DuPont then assigned its rights to Reichhold Chemicals. Reichhold licensed its rights under the patent to a third party. Air Products alleged that the latter license was not in conformance with the original license grant, terminated Reichhold's license, and filed suit for patent infringement. Concluding that the primary issue was a matter of contract interpretation, and not patent infringement, the district court dismissed the case for lack of subject matter jurisdiction. On appeal, we reviewed the Supreme Court's analysis of the issue in *Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703 (1926), to hold that Air Products' cause of action arises under the patent laws. "[A] federal district court has jurisdiction of a suit by a patentee for an injunction against infringement and for profits and damages, even though, in anticipation of a defense of license or authority to use the patent, the complainant includes in his bill averments intended to defeat such a defense." *Id.* at 1562, 755 F.2d 1559, 225 USPQ at 122–23 (citing *Luckett v. Delpark, Inc.*, 270 U.S. 496, 46 S.Ct. 397, 70 L.Ed. 703). And " 'the party who brings suit is master to decide what law he will rely upon' ... [and] that '[j]urisdiction generally depends upon the case made and the relief demanded by the plaintiff.' " *Id.*, 755 F.2d 1559, 225 USPQ at 123 (internal citations omitted).

B & B responds that *Beghin–Say Int'l, Inc. v. Rasmussen*, 733 F.2d 1568, 221 USPQ 1121 (Fed.Cir.1984), controls. Beghin–Say, S.A. was a French corporation engaged in research, development, and marketing of paper products. While under contract with Beghin–Say, Ole-Bendt Rasmussen developed a net-like reinforcement for paper products. Per his contract, he assigned his rights to any and all patents and patent applications related to this invention to Beghin–Say. Beghin–Say and Rasmussen jointly filed for a Brit-

ish patent. A few months later, each filed separately for a United States patent. Beghin–Say filed suit in district court requesting that the court remove the cloud on its title to the patent. Rasmussen alleged that his contract with Beghin–Say only required him to assign his European not his United States patent rights. The district court dismissed the case for lack of subject matter jurisdiction. We affirmed because the case sounded exclusively in contract. The issue was not one of infringement, but ownership, which was governed by an employment contract between the parties.

The most relevant facts at issue here are nearly identical to those of *Air Products*. Pixton's well-pleaded complaint expressly sets out an action for patent infringement. The issue is not ownership; this is an action for patent infringement in which the defendant has asserted the defense of license. Jurisdiction in the federal courts is not lost simply because the most efficient approach at trial may be to address the license defense first. *See Air Products*, 755 F.2d at 1563, 225 USPQ at 124; *Jim Arnold*, 109 F.3d at 1577, 42 USPQ2d at 1127.

### Conclusion

Accordingly, the judgment of the United States District Court for the Southern District of Florida is vacated and the case is remanded for further proceedings.

### Costs

Each party shall bear its own costs.

*VACATED AND REMANDED.*