NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5110

PHILIP DE CARLO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  November 10, 2005

_____

Before MAYER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and BRYSON, <u>Circuit Judge</u>.

PER CURIAM.

Philip De Carlo appeals the decision of the United States Court of Federal Claims, which dismissed De Carlo's complaint for lack of jurisdiction.  <u>De Carlo v. United States</u>, No. 04-CV-1055 (Fed. Cl. March 15, 2005).  We <u>affirm</u>.

"The jurisdiction of the Court of Federal Claims arises chiefly from the Tucker Act, which gives that court 'jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the

United States, or for liquidated or unliquidated damages in cases not sounding in tort.'" LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (quoting 28 U.S.C. § 1491(a)). Whether the trial court properly dismissed De Carlo's complaint for lack of jurisdiction is a question of law that we review de novo. Pixton v. B&B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002).

It is well established that the Court of Federal Claims does not have jurisdiction over De Carlo's tort claims. See 28 U.S.C. § 1491(a); LeBlanc, 50 F.3d at 1030. In addition, it lacks jurisdiction over qui tam suits. LeBlanc, 50 F.3d at 1031 (citing 31 U.S.C. § 3732(a)). Finally, De Carlo has failed to establish jurisdiction based on a government contract. Although the Supreme Court has described the basis of a relator's claim as a partial assignment from the government, see Vermont Agency of Natural Resources v. United States ex rel. Stevens, 529 U.S. 765, 773 (2000), De Carlo's "contractual" arguments in this case only attempt to challenge the amount of his recovery in the qui tam action. The Court of Federal Claims is without jurisdiction to hear such a challenge. See LeBlanc, 50 F.3d at 1030.