# United States Court of Appeals for the Federal Circuit

05-1114

DR. TASSILO BONZEL,

Plaintiff-Appellant,

v.

PFIZER, INC.,

Defendant-Appellee,

and

BOSTON SCIENTIFIC SCIMED, INC. (formerly known as Schneider (U.S.A.) Inc.),
SCIMED LIFE SYSTEMS, INC.,
and BOSTON SCIENTIFIC CORPORATION,

Defendants-Appellees.

Bruce Tittel, Wood, Herron & Evans, L.L.P., of Cincinnati, Ohio, argued for plaintiff-appellant. With him on the brief were Thomas J. Burger, Clement H. Luken, Jr., John Paul Davis. Of counsel on the brief were James F. Roegge and Jeffrey M. Thompson, Meagher & Geer, P.L.L.P., of Minneapolis, Minnesota.

Glen D. Nager, Jones Day, of Washington, DC, argued for defendant-appellee, Pfizer, Inc. With him on the brief was Todd R. Geremia, of New York, New York.

Matthew M. Wolf, Howrey Simon Arnold & White LLP, of Washington, DC, argued for defendants-appellees, Boston Scientific Scimed, Inc., et al.

Appealed from: United States District Court for the District of Minnesota

Judge Ann D. Montgomery

# United States Court of Appeals for the Federal Circuit

05-1114

DR. TASSILO BONZEL,

Plaintiff-Appellant,

v.

PFIZER, INC.,

Defendant-Appellee,

and

BOSTON SCIENTIFIC SCIMED, INC.,
(formerly known as Schneider (U.S.A.) Inc.),
SCIMED LIFE SYSTEMS, INC.,
and BOSTON SCIENTIFIC CORPORATION,

Defendants-Appellees.

_____

DECIDED: March 2, 2006

_____


Before NEWMAN, LOURIE, and RADER, Circuit Judges.

NEWMAN, Circuit Judge.


Dr. Tassilo Bonzel appeals the decision of the United States District Court for the District of Minnesota,[1] dismissing this action on grounds of lack of jurisdiction and forum non conveniens. We affirm the dismissal on jurisdictional grounds, and conclude that the

---

    1    Bonzel v. Pfizer, Inc., No. 04-1401, 2004 U.S. Dist. LEXIS 22245 (D. Minn. Nov. 2, 2004).

district court acted within its discretion in agreeing with the Minnesota state court that this case would more conveniently be brought in Germany, with potential return to forums in the United States should a German forum not be available.

## BACKGROUND

Dr. Bonzel, a German citizen residing in Germany, is the inventor of certain catheters for use in coronary angioplasty, patented in the United States by Patent No. 4,762,129. The patented catheters are used in conjunction with the insertion of stents to keep coronary arteries open after they have been unblocked. The record states that catheters invented by Dr. Bonzel are used in over a million procedures annually.

In 1986 Dr. Bonzel granted an exclusive worldwide license to Schneider AG, a Swiss corporation that was at that time a subsidiary of Pfizer, Inc. The license agreement was negotiated in Germany in the German language, and by its terms is construed according to German law. A modification dated October 11, 1995, designated as Agreement V, was also negotiated and drafted in Germany and is subject to German law. It requires in Section XII(a) that the licensee will notify Dr. Bonzel of any infringement occurring in any country and will pay Dr. Bonzel a portion of any monetary recovery in any infringement action, and contains other provisions relating to license payments.

In 1998 the Schneider companies were sold by Pfizer to Boston Scientific Corp., carrying with it the exclusive license to Dr. Bonzel's patents. Boston Scientific's United States subsidiaries Boston Scientific Scimed and SciMed Life Systems are described as successors of Schneider (U.S.A.), and are Minnesota corporations. Dr. Bonzel states that the sale was at least partly in settlement of a suit for infringement that had been brought in Massachusetts by Schneider (Europe) AG. Boston Scientific Corp. v. Schneider (Europe)

05-1114                                   2

AG, No. 94-10967 (D. Mass.) (settled March 1998). Dr. Bonzel states that in accordance with Agreement V he is entitled to share in the proceeds of the sale. That is the substantive issue underlying this action.

Dr. Bonzel filed suit in Minnesota state court against several defendants: Pfizer, Inc., Pfizer Research and Development Co. N.V./S.A., Schneider AG, Schneider (U.S.A.), and Schneider (Europe), joining Boston Scientific Corp. as an involuntary plaintiff, alleging breach of contract because, inter alia, the licensees did not notify Dr. Bonzel of the patent infringement by Boston Scientific and the settlement whereby Pfizer sold the Schneider companies to Boston Scientific on terms that Dr. Bonzel asserts included payment resolving the infringement issues. The defendants removed the case to the federal district court for the District of Minnesota, asserting diversity jurisdiction, 28 U.S.C. §1332(a), and that the patent aspects invoked federal jurisdiction under 28 U.S.C. §1338(a).

Dr. Bonzel moved to remand that federal action to the Minnesota state court, stating that he was not charging infringement or seeking a declaration of patent rights, but was solely seeking enforcement of a contract and remedy for its breach. Boston Scientific was realigned as a defendant, and the federal district court then transferred the case back to the Minnesota state court on the grounds of lack of diversity and lack of a federal question. With respect to diversity, the district court held that Schneider AG or its successor Schneider GmbH, the patent licensee under Agreement V, is a necessary party, which barred diversity jurisdiction because they are foreign corporations and Dr. Bonzel, the only plaintiff, is a foreign citizen. See 28 U.S.C. §1332 (a)(2),(3) (federal jurisdiction for actions involving foreign citizens is available only where the actions are between "citizens of a State and citizens or subjects of a foreign state; citizens of different States and in which

citizens or subjects of a foreign state are additional parties"). The statute does not confer federal jurisdiction when foreign entities oppose each other unless the parties on both sides include United States citizens. The district court also held that the case did not arise under the patent law, accepting Dr. Bonzel's assertions, and the counts of the complaint, that the only issues were in contract and tort.

Upon return to the Minnesota state court, that court then dismissed the suit on the ground of <u>forum</u> <u>non</u> <u>conveniens</u>, with leave for Dr. Bonzel to refile in Germany or other more convenient forum. The state court was of the view that Germany is the best place to locate the evidence and that it would be preferable for a German judge to resolve the issues of German law raised in interpreting a contract that by its terms is governed by German law. The Minnesota state court left itself open to serve as a forum if Dr. Bonzel is not able to obtain jurisdiction in Germany. <u>Bonzel v. Pfizer, Inc.</u>, No. CT00-011184 (Minn. 4th Judicial Dist. July 12, 2002) ("Counts I-IX of the First Amended Complaint are hereby severed and dismissed without prejudice as against all Defendants in favor of a German forum"). The court required the defendants to waive any claim to a statute of limitations as to the German forum.

Dr. Bonzel appealed to the Minnesota Court of Appeals, which observed that the contract is to be interpreted according to German law; that the witnesses who negotiated the contract reside outside of Minnesota (the federal district court had stated that they reside in New York, Massachusetts, Germany, Switzerland, and England); that the dispute does not have a significant connection with Minnesota; and that there would be unwarranted administrative cost to the citizens of Minnesota to try this case. The court stated:

> The district court judge looked at the entirety of this case and decided two things: (1) there are not significant connections with Minnesota, and (2) German law is best interpreted and applied by German courts. Both of these conclusions are reasonable . . . . After examination of this record, we cannot conclude the district court abused its discretion nor erred as a matter of law.

Bonzel v. Pfizer, Inc., No. C9-03-47, 2003 WL 21743768 (Minn. Ct. App. July 29, 2003).

After this decision, Dr. Bonzel filed a new action in the United States District Court in Minnesota. In distinction from his previous federal filing, Dr. Bonzel now stated in his complaint that issues of patent infringement require determination. He also alleged, as before, that the Schneider and SciMed companies and Pfizer had breached Agreement V by failing to notify him of the patent infringement and failing to pay him the required share of the settlement, and various commercial torts related to these charges. He asserted subject matter jurisdiction under 28 U.S.C. §1338, general federal question under 28 U.S.C. §1331, diversity under §1332, and supplemental jurisdiction under §1367.

The district court held that there was no basis for federal jurisdiction, and alternatively that the suit would be dismissed for forum non conveniens for the reasons given by the Minnesota state court. On these bases the federal district court dismissed this action with leave to refile in Germany, observing that the Minnesota state court had agreed to accept the case if jurisdiction is not available in Germany.

Dr. Bonzel appeals, arguing that the case is properly in a United States federal court because it raises a substantial question of United States patent law, and that he is entitled to a United States forum when a United States patent is central to the dispute and the principal parties in interest are United States companies.

## DISCUSSION

Questions of jurisdiction receive plenary review. <u>Pixton v. B&B Plastics, Inc.</u>, 291 F.3d 1324, 1325 (Fed. Cir. 2002). The district court's determination of whether a party is indispensable is reviewed on the standard of abuse of discretion. <u>Interspiro USA, Inc. v. Figgie Int'l Inc.</u>, 18 F.3d 927, 932-33 (Fed. Cir. 1994). Dismissals on the ground of <u>forum non conveniens</u> are reviewed for abuse of discretion, <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 237 (1981); <u>Gulf Oil Co. v. Gilbert</u>, 330 U.S. 501, 511 (1947), as is application of the doctrine of judicial estoppel. <u>New Hampshire v. Maine</u>, 532 U.S. 742 (2001).

## I

Dr. Bonzel's statement of entitlement to a United States forum leads first to the question of whether there is federal jurisdiction of Dr. Bonzel's lawsuit, for the state court process has been exhausted.

## A

Dr. Bonzel asserts federal jurisdiction under 28 U.S.C. 1338(a), stating that this case "requires resolution of a substantial question of federal patent law," quoting <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 809 (1988). He states that his licensee failed to notify him of infringement of his United States patent, and that resolution of the issues of breach of contract require determination of whether his patent was infringed by the Boston Scientific companies. The district court held that Dr. Bonzel is estopped from taking this position, based on his successful jurisdictional argument, in the previous federal proceeding, that this case is solely a matter of contract interpretation and does not raise a significant question under the patent law. Dr Bonzel states that this second federal action is different, and that Counts I, II, and III of the complaint, while still raising issues of breach

of contract, also raise substantial questions of federal patent law. The district court did not agree.

"Judicial estoppel" applies when a party takes a later position that is inconsistent with a former position in the same dispute, on which the party had been successful and had prevailed based on the former position. See U.S. Philips Corp. v. Sears Roebuck & Co., 55 F.3d 592 (Fed. Cir. 1995) (party is estopped from taking an opposite procedural position in a second case involving the same patent, after being successful with the contrary position in an earlier case). The district court observed that Dr. Bonzel had successfully obtained a transfer back to state court in the earlier federal case, on the position that there is no substantial question of federal patent law and that this is an action to enforce a contract, not to decide patent infringement.

The district court held that the relevant counts of the complaint sound in contract, despite their newly added references to patent infringement. We agree with that ruling. The defendants are not charged with infringement nor asked for infringement damages; they are charged with breach of contract and asked to perform their contract obligations. The nature of this contract action does not change because the contract is a patent license and the assertedly failed contract obligation is the obligation to notify of patent infringement and share payment for infringement. These obligations do not "arise under" the patent law, in terms of a well-pleaded complaint. Indeed, should it come to pass that the court, in deciding whether the contract conditions were met, deems it appropriate to apply the law of patent infringement, that of itself does not change the complaint into one arising under the patent law. Applying the exposition of "arising under" in Christianson v. Colt, 486 U.S. at 808-09, Dr. Bonzel's right to relief for breach of contract does not "necessarily depend[] on

05-1114                                    7

resolution of a substantial question of federal [patent] law," based on the pleadings in the complaint.

We also agree with the district court that the rewritten Counts I, II and III do not differ substantively from those of the earlier complaint, despite their enlarged recitation of the patent aspects of the contract claims. We do not rely primarily on the theory of estoppel to negate federal jurisdiction, for even if judicial estoppel can be founded on "jurisdiction," cf., Ogala Sioux Tribe v. Homestake Mining Co., 722 F.2d 1407, 1411 (8th Cir. 1983) ("Dismissal of a suit for lack of federal subject matter jurisdiction precludes relitigation of the same issue of subject matter jurisdiction in a second federal suit on the same claim."), Dr. Bonzel sufficiently changed his complaint to require a fresh look in the district court. However, he still has not brought an action for patent infringement; his counts sound in contract and tort, as before. As Dr. Bonzel told the district court in the first removal action, "To be blunt, this is not a patent case." Bonzel v. Pfizer, Inc., No. 00SC2037 (D. Minn. Aug. 30, 2000) (memorandum of law in support of motion to remand to state court).

**B**

Diversity was correctly held not to attach, for the district court correctly held that Schneider GmbH is a necessary party. See 28 U.S.C. §1332(a)(2),(3). Although Dr. Bonzel argues that Schneider GmbH is simply a shell, and that the Schneider companies were all owned by Pfizer, a United States company, and are now all owned by Boston Scientific, a United States company, it remains that Schneider AG and its successor Schneider GmbH are Swiss corporations and are the original parties who negotiated and signed the license agreements on which Dr. Bonzel relies in his claim for payment. Thus

we agree that the original licensees are necessary parties, as the district court found, thereby defeating diversity jurisdiction.

The district court's holding that there is no federal jurisdiction must be affirmed.

## II

The district court, observing that the contract at issue was made in Germany and by its terms requires interpretation and application of German law, ruled alternatively that the litigation was best conducted in Germany. The district court treated this ruling as an alternative to its holding that there was no federal jurisdiction, reviewed the factors on which the Minnesota state court had relied, and reached the same conclusion.

The district court observed that the first significant event in this case was the contract negotiation between Dr. Bonzel and Schneider AG in Germany, while taking note that Schneider AG was a subsidiary of Pfizer, a U.S. company. The second significant event was Pfizer's sale of the Schneider companies to Boston Scientific, including Dr. Bonzel's patent rights. The district court held that although there may be some Minnesota witnesses, the threshold question of Dr. Bonzel's entitlement under the governing contract requires contract interpretation and application under German law.

The district court reviewed Dr. Bonzel's objections to a foreign forum, and agreed with the Minnesota state court that a German court is a more appropriate forum, for the counts in Dr. Bonzel's complaint require interpretation and enforcement of a contract governed by German law, and the asserted damages are based on the contract obligations. The district court found that Dr. Bonzel had not demonstrated that any filing fees he might incur in Germany are prohibitive, that translation of documents into German would be unduly burdensome, or that discovery in Germany would be inadequate.

The defendants told the district court that the German witnesses to the making of the contract are beyond the reach of compulsory process to come to the United States, whereas they can be compelled to testify in a German court. Dr. Bonzel responds that several of the German witnesses are willing to appear in the United States, and that there are few if any available German witnesses who participated in the original negotiation and contract. He also states that the former CEO of Schneider AG, who was a principal participant in the license negotiations, lives in Switzerland and cannot be compelled to testify.

Dr. Bonzel in his brief states his concern that the United States defendants SciMed Life and Schneider US may not accede to jurisdiction in Germany, leaving him without necessary parties; however, the defendants made a contrary representation to the district court, and wrote in their brief to this court: "Lest Bonzel continue to doubt the BSC Defendants, they hereby repeat: the BSC Defendants consent to the jurisdiction of a German court, should Bonzel decide to pursue his claims there, in accordance with the court's order." Defendants' Brief at 51. On this representation, the district court endorsed the state court's position that the optimum forum was a German court.

### III

Dr. Bonzel raises additional arguments for federal jurisdiction, stating that under the Paris Convention for the Protection of Industrial Property of March 20, 1883 as revised, 21 U.S.T. 1583, as well as the Treaty of Friendship, Commerce, and Navigation between Germany and the United States of October 29, 1954, 7 U.S.T. 1839, access of foreigners to United States courts is obligatory. Article II of the Paris Convention provides:

(1) Nationals of any country of the Union shall, as regards the protection of industrial property, enjoy in all the other countries of the Union the advantages that their respective laws now grant, or may hereafter grant, to nationals; all without prejudice to the rights specially provided for by this Convention. Consequently, they shall have the same protection as the latter, and the same legal remedy against any infringement of their rights, provided that the conditions and formalities imposed upon nationals are complied with.

Article VI of the Treaty of Friendship provides:

Nationals and companies of either Party shall be accorded national treatment with respect to access to the courts of justice and to administrative tribunals and agencies within the territories of the other Party, in all degrees of jurisdiction, both in pursuit and in defense of their rights.

These treaties require a nation's courts to give equal treatment to nationals of other nations; they do not establish jurisdiction or require a nation's courts to receive litigation that it reasonably believes would be better conducted in another nation. See Blanco v. Banco Indus. De Venezuela, S.A., 997 F.2d 974, 980 (2d Cir. 1993) (finding forum non conveniens despite Treaty of Peace, Friendship, Navigation and Commerce); Farmanfarmaian v. Gulf Oil Corp., 588 F.2d 880, 882 (2d Cir. 1978) (affirming forum non conveniens dismissal where "the judge applied the same forum non conveniens standards as would be applied were the plaintiff an American citizen"). The ruling that German courts are a more suitable forum for this dispute concerning rights and remedies under German contract law is reasonably supported on the facts presented, and is not a denial of equal treatment.

The district court recited with approval the Minnesota state court's holding that if a German forum were unavailable the Minnesota court would accept jurisdiction of the case. Bonzel v. Pfizer, Inc., No. CT00-011184 (Minn. 4th Judicial Dist. July 12, 2002) at 3 ("This dismissal is conditioned on the following: That Plaintiff actually has a cause of action that

may be brought in Germany or before another appropriate court; that the Defendants will waive any objections to the jurisdiction of the Germany courts or another appropriate jurisdiction and waive any statute of limitations that may or may not be imposed on Plaintiff bringing his lawsuit in Germany or any other appropriate forum; and that there is no other procedural impediment to full litigation under the substantive law of Germany or another appropriate court."). We discern no abuse of discretion in the ruling of the district court on the issue of <u>forum</u> <u>non</u> <u>conveniens</u>.

No costs.

<u>AFFIRMED</u>