NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1026, -1033

WISCONSIN ALUMNI RESEARCH FOUNDATION,

Plaintiff-Cross Appellant,

v.

XENON PHARMACEUTICALS, INC.,

Defendant-Appellant.

Kristin Graham Noel, Quarles & Brady LLP, of Madison, Wisconsin, argued for plaintiff-cross appellant.  With her on the brief were Anthony A. Tomaselli and Josephine K. Benkers.

Russell L. Johnson, Sidley Austin Brown & Wood, LLP, of San Francisco, California, argued for defendant-appellant.  Of counsel on the brief was J. Mitchell Jones, Medlen & Carroll, LLP, of Madison, Wisconsin.

Appealed from:  United States District Court for the Western District of Wisconsin

Chief Judge Barbara B. Crabb

# United States Court of Appeals for the Federal Circuit

2007-1026, -1033

WISCONSIN ALUMNI RESEARCH FOUNDATION,

Plaintiff-Cross Appellant,

v.

XENON PHARMACEUTICALS, INC.,

Defendant-Appellant.

_____

DECIDED: October 24, 2007

_____

Before MAYER and GAJARSA, <u>Circuit Judges</u>, and RESTANI, <u>Judge</u>.[*]

PER CURIAM.

This court has no jurisdiction over this case because it does not present a claim arising under the patent laws. <u>See</u> 28 U.S.C. § 1295(a); <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800 (1988). Xenon Pharmaceutical, Inc. relies on the appearance of the Bayh-Dole Act, 35 U.S.C. §§ 200 et seq., in Wisconsin Alumni Research Foundation's (WARF) complaint to urge section 1295(a) jurisdiction. However, mere inclusion in Title 35 of the United States Code does not make a statute

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

a patent law under which a claim may arise. At its heart, the Bayh-Dole Act concerns government funding agreements – contracts in the language of 35 U.S.C. § 201 – an area that is outside our section 1295(a) jurisdiction. See Bonzel v. Pfizer, Inc., 439 F.3d 1358, 1362-63 (Fed. Cir. 2006) (noting that contract obligations do not "arise under" the patent laws merely because the contract is a patent license).

Even if the Bayh-Dole Act were a patent law as contemplated by section 1295(a), WARF's well-pleaded complaint neither proposes that the Act creates the cause of action, nor that their "right to relief necessarily depends on resolution of a substantial question of federal patent law". Christianson v. Colt, 486 U.S. at 808-09. It merely underpins an ownership theory alternative to Wisconsin contract law, which may not form the basis for section 1295(a) jurisdiction. See id. at 810.

Accordingly, the case will be transferred to the United States Court of Appeals for the Seventh Circuit pursuant to 28 U.S.C. § 1631. WARF shall have its costs.