# In the United States Court of Federal Claims

No. 10-648C

(Filed May 7, 2013)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                      *
ERIC MARTIN MATTHEWS,                 *
                                      *
              Plaintiff,              *
                                      *
       v.                             *
                                      *
THE UNITED STATES,                    *
                                      *
              Defendant.              *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Judge.

Plaintiff, Eric Matthews, filed this suit *pro se* on September 27, 2010, seeking back pay and retirement pay under the theory that he was never properly discharged from the Navy and, thus, is owed additional pay. *See* Compl. Mister Matthews also seeks to change the characterization of his military service from "other than honorable" to "honorable." *See id.* ¶¶ 102-03. In response to a document produced by the government in May of 2012, which plaintiff contends is fraudulent, Mr. Matthews has also moved for a preliminary injunction to prohibit the Navy from producing any additional documents without the Court's permission. *See* Pl.'s Mot. for Prelim. Inj. The government has moved to dismiss this case under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot."). For the reasons stated below, the Court **GRANTS** the government's motion to dismiss and **DENIES** Mr. Matthews's motion for a preliminary injunction.

## I. BACKGROUND

Mister Matthews enlisted in the Navy in 1990. *See* Ex. B, pt. 1 to Compl. at 3. On September 29, 2006, he was arrested on charges of computer pornography and solicitation of a child. *See* Ex. B, pt. 2 to Compl. at 112. In 2007, he pled guilty to coercion and enticement in violation of 18 U.S.C. section 2422(b) and distribution

of child pornography in violation of 18 U.S.C. section 2252(a)(2), and was sentenced to prison by the United States District Court for the Southern District of Florida. *See* Ex. B, pt. 2 to Compl. at 109. Since his conviction, Mr. Matthews has been serving a federal prison sentence of twenty-one years and ten months. *See id.* at 114. Shortly after his conviction, the Navy initiated the process of administratively separating Mr. Matthews from the Navy. *See id.* at 110. On June 6, 2007, an administrative separation board met to consider his case, Compl. ¶ 64, and voted to discharge Mr. Matthews with an "other than honorable" characterization of service, Ex. B, pt. 2 to Compl. at 115-17. Mister Matthews contends that he was never properly discharged from the Navy, and that as a result, he is owed back pay for the time he has spent in prison and retirement pay because he was not properly discharged before passing his twenty-year retirement benchmark. *See, e.g.*, Compl. ¶¶ 100-103. The thrust of his complaint seems to be that the Navy had not issued a Department of Defense Form 214 ("DD-214") to him, and committed a variety of other procedural errors --- with the result that he was never properly discharged. *See* Compl. ¶ 103; Pl.'s Mot. for Prelim. Inj.

Mister Matthews's complaint and his subsequent brief in opposition to the government's motion to dismiss raise several allegations. First, Mr. Matthews contends that the Navy failed to follow its own regulations in numerous respects related to his separation processing. For example, the complaint alleges that the Navy did not provide proper notice to plaintiff of his separation processing, Compl. ¶¶ 59-62, 97; did not provide plaintiff with the opportunity to participate at his separation hearing, Compl. ¶¶ 64, 96; failed to provide constitutional due process, Compl. ¶ 47; failed to provide plaintiff with a transcript or recording of the separation board proceeding, Compl. ¶¶ 66-67; did not appropriately maintain plaintiff's service record, Compl. ¶¶ 68-71; did not properly respond to plaintiff's complaints regarding his separation proceedings, Compl. ¶¶ 72-84; and failed to issue a DD-214 to him, in violation of Navy regulations, Compl. ¶¶ 22, 24, 90. Mister Matthews also alleges that his administrative separation board acted arbitrarily and capriciously, Compl. ¶¶ 64-65, and that the Board for Correction of Naval Records and the Naval Discharge Review Board improperly failed to correct his record, Compl. ¶¶ 28-33, 87-92. Based upon these alleged procedural violations, Mr. Matthews contends that he was not properly discharged from the military and is, therefore, entitled to back pay. *See* Compl. ¶¶ 17-24, 46, 100, 103.[1] In addition, because it has been more than twenty years since Mr. Matthews enlisted in the Navy, and because he was allegedly never properly discharged, Mr. Matthews argues that he is entitled to retirement pay, also known as retainer pay. *See id.*

---

[1] Mister Matthews argues both that he was never discharged, and alternatively, that if he was in fact discharged, the discharge was improper and he is entitled to a retroactive reinstatement. *See* Compl. ¶¶ 17-24, 46, 100, 103; Pl.'s Reply to Def.'s Mot. to Dismiss at 4.

While the back pay and retainer pay claims form Mr. Matthews's primary allegations, he also alleges that the characterization of his military service as "other than honorable" was improper and should be corrected by this court. *See* Compl. ¶¶ 30, 52, 103. Mister Matthews makes a number of other claims under the Government in the Sunshine Act, 5 U.S.C. § 552b, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Military Whistleblower Protection Act, 10 U.S.C. § 1034, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. *See* Compl. ¶¶ 66, 68-69, 79-81, 93-95. Plaintiff also requested in his complaint that the Court instruct the Navy to redraft several of its regulations and change its interpretation of certain federal statutes. *See* Compl. ¶ 102. In his response to the government's motion to dismiss, Mr. Matthews explains that these non-monetary claims are merely offered in support of his claims brought under the Military Pay Act. *See* Pl.'s Reply to Def.'s Mot. to Dismiss ("Pl.'s Reply") at 9 (citing 37 U.S.C. § 204).

With respect to plaintiff's claims which are not based on money-mandating statutes, the government argues in its motion to dismiss that the Court lacks subject-matter jurisdiction. *See* Def.'s Mot. at 8-9. Regarding plaintiff's claim for back pay for the time he has spent in prison, the government argues that plaintiff cannot state a claim for back pay under the Military Pay Act, 37 U.S.C. § 204(a), and the Tucker Act, 28 U.S.C. § 1491, because servicemen in civilian confinement forfeit all pay and allowances for their period of confinement pursuant to 37 U.S.C. section 503 and Department of Defense Financial Management Regulation, volume 7A, chapter 1, Tables 1-12. *See id.* at 10-12. The government also argues that plaintiff cannot state a claim for retainer pay because he has not attained twenty years of active duty service, as is required to receive such pay. *See id.* at 10, 12-14. Finally, the government contends that because plaintiff cannot state a claim for monetary relief, the Court does not have jurisdiction to address the alleged procedural violations that plaintiff identifies in connection with his separation processing, and that the Court cannot grant the equitable relief that plaintiff seeks. *See id.* at 14.

In response, Mr. Matthews contends that he has stated a claim for back pay and retirement pay, and repeats his argument that since he was never properly discharged from the Navy, his time in prison should count as active duty service for which he is entitled to pay. *See* Pl.'s Reply. Mister Matthews also alleges that no DD-214 was issued as of September 18, 2010 --- the time at which he would have reached his twenty-year retirement benchmark --- and that he is, therefore, entitled to retainer pay as well.[2] *See id.* at 6-7. Mister Matthews also references the

---

[2] It is also plaintiff's opinion that the DD-214 produced by the Navy in May of 2012 is fraudulent. *See* Pl.'s Mot. for Prelim. Inj. In particular, although the DD-214 purports to be an "administratively re-issued" DD-214, plaintiff argues that this is a misleading description since he allegedly never received an original DD-214. *See id.*; Joint Mot. for Status Conference (June 26, 2012).

constructive service credit doctrine in his response, noting that under that doctrine, members of the military who have been improperly released from duty without a proper discharge are deemed to have served during the time period following their illegal release. *See* Pl.'s Reply at 4. In a later-filed surreply, Mr. Matthews argues that the Military Pay Act takes precedence over the regulatory provision which prohibits servicemen in civilian confinement from being paid for time spent in confinement. *See* Pl.'s Surreply (ECF No. 62-1).

## II. DISCUSSION

Under RCFC 12(b)(1), claims brought before this Court must be dismissed when it is shown that the Court lacks jurisdiction over their subject matter. When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court will normally accept as true all factual allegations made by the pleader and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (requiring that on a motion to dismiss for lack of subject-matter jurisdiction the court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

While *pro se* plaintiffs' filings are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this lenient standard cannot save claims which are outside our jurisdiction from being dismissed. *See, e.g., Henke v. United States,* 60 F.3d 795, 799 (Fed. Cir. 1995). Because the Tucker Act, 28 U.S.C. § 1491, does not create any substantive rights, a plaintiff must identify a separate source of law that creates a right to money damages for his claims to be within our jurisdiction. *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1306 (Fed. Cir. 2008) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part)). The test for determining whether a statute or regulation can support jurisdiction in our court is whether it can be fairly interpreted as mandating compensation. *See, e.g., United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472-73 (2003); *United States v. Mitchell*, 463 U.S. 206, 216-17 (1983); *Fisher*, 402 F.3d at 1173-74; *Contreras v. United States*, 64 Fed. Cl. 583, 588-92 (2005).

Plaintiff's allegations based on the Government in the Sunshine Act, 5 U.S.C. § 552b, FOIA, 5 U.S.C. § 552, the Military Whistleblower Protection Act, 10 U.S.C. § 1034, and the APA, 5 U.S.C. § 706, do not fall within the Court's jurisdiction because they are not based on money-mandating statutes, regulations, or constitutional provisions that would support our jurisdiction under the Tucker Act. *See, e.g., Pan Am. World Airways, Inc. v. Civil Aeronautics Bd.*, 684 F.2d 31, 36 (D.C. Cir. 1982) (noting "release of transcripts, not invalidation of the agency's substantive action, shall be the normal remedy for Sunshine Act violations");

*McNeil v. United States*, 78 Fed. Cl. 211, 237 (2007) (dismissing FOIA claims because "FOIA lacks any money-mandating provisions"); *Gant v. United States*, 63 Fed. Cl. 311, 316 (2004) (noting that the Military Whistleblower Protection Act is not money-mandating for purposes of Tucker Act jurisdiction); *Wopsock v. Natchees*, 454 F.3d 1327, 1333 (Fed. Cir. 2006) (noting that the APA is not money-mandating). In addition, the Court does not have jurisdiction to grant plaintiff's request that the Court direct the Navy to redraft its regulations and change its interpretation of certain federal statutes. *See Yeskoo v. United States*, 34 Fed. Cl. 720, 731 (1996) (explaining that this Court is one of limited jurisdiction and cannot "rewrite a statute, regulation, or government contract" in order to effectuate a particular result).

Turning to plaintiff's claims for back pay, there is no question that a money-mandating statute provides the basis for our Court's subject-matter jurisdiction. This Court's and the Federal Circuit's precedents acknowledge that 37 U.S.C. section 204(a) entitles full-time active duty service members to the pay of the rank to which they are assigned until they are properly separated from the service. *See* 37 U.S.C. § 204(a); *Holley v. United States*, 124 F.3d 1462, 1465 (Fed. Cir. 1997) ("[i]t is well established that 37 U.S.C. § 204 . . . serves as the money-mandating statute applicable to military personnel claiming damages"); *Sanders v. United States*, 594 F.2d 804, 810 (Ct. Cl. 1979) (37 U.S.C. § 204 "confers on an officer the right to pay of the rank he was appointed to up until he is properly separated from the service"). Nonetheless, Mr. Matthews must still state a claim upon which relief can be granted. *See* RCFC 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). In making the determination of whether to grant a Rule 12(b)(6) motion, the court "must accept as true all the factual allegations in the complaint" and make "all reasonable inferences in favor of the non-movant." *Sommers Oil Co. v. United States,* 241 F.3d 1375, 1378 (Fed. Cir. 2001).

Here, Mr. Matthews cannot state a claim for back pay under 37 U.S.C. section 204(a) because he is precluded from obtaining back pay and allowances while in civilian confinement by 37 U.S.C. section 503 and the corresponding Department of Defense regulations. *See* 37 U.S.C. § 503; Department of Defense Financial Management Regulation, vol. 7A, chapter 1, Tables 1-12; *Stone v. United States*, 219 Ct. Cl. 604, 605-06 (1979) (holding that incarcerated serviceman was "precluded by 37 U.S.C. § 503(a) from prevailing on his claim for back pay and allowances" because his absence from duty could not be excused as unavoidable). While active duty servicemen are "entitled to the basic pay of the pay grade to

which [they are] assigned," 37 U.S.C. § 204(a), a plaintiff must allege that he is "entitled to money in the form of the pay that *he would have received* but for the unlawful discharge" in order to state a claim over which this Court has jurisdiction. *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (*en banc*) (emphasis added). A service member, however, "who is absent without leave or over leave, forfeits all pay and allowances for the period of that absence, unless it is excused as unavoidable." 37 U.S.C. § 503(a). Department of Defense regulations make clear that the absence of a service member who is confined by civilian authorities and is ultimately tried and convicted may not be excused as unavoidable. *See* Department of Defense Financial Management Regulation, vol. 7A, chapter 1, Tables 1-12. Accordingly, since Mr. Matthews was tried and convicted by civilian authorities and is in federal prison, he is absent from duty without leave, and his absence cannot be excused as unavoidable. *See id*; 37 U.S.C. 503(a). As such, he is not permitted to receive any pay or allowances for the period of his absence, and therefore, cannot state a claim for monetary relief. This is true even if Mr. Matthews was improperly discharged, since he would only be entitled to the pay "that he would have received but for the unlawful discharge," *see Martinez*, 333 F.3d at 1303 --- which is nothing because his absence from duty was unexcused. Accordingly, the Court finds that plaintiff has not stated a claim for back pay upon which relief may be granted.[3]

Plaintiff's claim for retainer pay fails for similar reasons. Members of the Navy who complete at least twenty years of active duty service may receive retainer pay --- the equivalent of retirement pay --- if they are transferred to the Fleet Reserve after requesting a transfer. *See* 10 U.S.C. § 6330(b). Notably, time spent in "civilian confinement" cannot count toward the twenty-year requirement, and is instead considered "lost time." *See* 10 U.S.C. §§ 972(a), 1405(c), 6328(a), 6333(a); Department of Defense Financial Management Regulation, vol. 7A, chapter 1, Tables 1-12; *Hare v. United States*, 35 Fed. Cl. 353, 354 (1996), *aff'd*, 108 F.3d 1391 (Fed. Cir. 1997). Plaintiff enlisted in the Navy in 1990, and his most recent enlistment would have expired on September 15, 2007. *See* Ex. C, pt. 2 to Compl. at 108. The government argues that plaintiff cannot prove that he is entitled to retainer pay because he was discharged from the Navy in 2007, several years prior

---

[3] The constructive service credit doctrine also does not support Mr. Matthews's claim for back pay. Under that doctrine, service members who were not lawfully terminated may be returned "to the position that they would have occupied 'but for' their illegal release from duty." *See Barnick v. United States*, 591 F.3d 1372, 1379 (Fed. Cir. 2010) (internal citations omitted). Importantly, plaintiffs seeking constructive service credit must show that they were "able to continue on active duty" when the allegedly improper action occurred. *See id.* In Mr. Matthews's case, not only would Mr. Matthews's position "but for" the allegedly illegal release be one in which he is barred from receiving compensation due to his civilian confinement, but his incarceration precludes a showing that he would have been able to continue active duty service had he not been discharged.

to his twenty-year benchmark. *See* Def.'s Mot. to Dismiss at 13. In the alternative, the government contends that even if his discharge were unlawful or procedurally defective, the remedy would be limited to the pay and allowances he would have received but for the wrongful discharge up until the expiration of his current enlistment. *See id.* (citing *Dodson v. United States Gov't, Dep't of the Army*, 988 F.2d 1199, 1208 (Fed. Cir. 1993)). He would not be allowed to reenlist and count the time since his discharge toward retirement, and would not have met the twenty-year benchmark for transferring to the Fleet Reserve as of the date that his most recent reenlistment expired. *See* Def.'s Mot. at 13. Moreover, the government notes that since time spent in civilian confinement is "lost time," Mr. Matthews could only count his service up until the date of his arrest, which is less than the twenty years needed for retainer pay. *See id.* at 13-14.

The Court agrees with the government and finds that Mr. Matthews has failed to state a claim for retainer pay because he has failed to allege a set of facts showing that he reached twenty years of active duty service. Even when the facts as pleaded are read in the light most favorable to plaintiff, as a matter of law, he cannot receive pay for the time that he has spent in civilian confinement --- precluding a finding that he is entitled to retainer pay, regardless of whether he was properly discharged from the Navy.[4]

Mister Matthews has alleged numerous procedural irregularities related to his separation proceeding, and requests both monetary and equitable relief for these alleged violations. As discussed above, Mr. Matthews is precluded from receiving any pay or allowances as compensation for the time he has spent in civilian confinement. Therefore, even if he were successful in proving the alleged procedural violations, he would not be entitled to monetary relief. In addition, equitable relief is not available because this Court "has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" *James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)). Therefore, the Court finds that it has no jurisdiction over Mr. Matthews's allegations that the Navy committed various violations of its procedures and violated his due process rights, or over his request that the Court change the characterization of his service.

---

[4] Even if the DD-214 were fraudulent, plaintiff still would not state a claim for retainer pay since he is precluded by law from counting time spent in civilian confinement toward the twenty years of active duty service needed to receive retainer pay. *See* 37 U.S.C. § 503; Department of Defense Financial Management Regulation, vol. 7A, chapter 1, Tables 1-12.

## III.  CONCLUSION

For the foregoing reasons, the government's motion to dismiss is hereby **GRANTED**.  Plaintiff's back pay and retainer pay claims are **DISMISSED** for failure to state a claim, and the rest of plaintiff's claims are **DISMISSED** for lack of subject-matter jurisdiction.  Plaintiff's motion for a preliminary injunction is **DENIED** as moot.  The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge