NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**MUFFIN FAYE ANDERSON,**
*Plaintiff-Appellant,*

**v.**

**KIMBERLY-CLARK CORPORATION,**
*Defendant-Appellee.*

———————————

2014-1117

———————————

Appeal from the United States District Court for the Western District of Washington in No. 2:12-cv-01979-RAJ, Judge Richard A. Jones.

———————————

Decided: July 10, 2014

———————————

MUFFIN FAYE ANDERSON, of Seattle, Washington, pro se.

STEVEN J. NATAUPSKY, Knobbe, Martens, Olson & Bear, LLP, of Irvine, California, for defendant-appellee. With him on the brief were BORIS ZELKIND and COLIN B. HEIDEMAN.

———————————

Before PROST, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges.*

PER CURIAM.

Ms. Muffin Faye Anderson appeals the judgment of the United States District Court for the Western District of Washington dismissing her compliant for failure to state a claim of infringement of U.S. Patent No. D401,328 (the '328 patent). Because Ms. Anderson identifies no errors in the court's decision, we affirm.

BACKGROUND

Ms. Anderson, acting pro se, sued Kimberly-Clark Corporation for infringement of the '328 patent.[1] Ms. Anderson applied for the '328 patent in September 1997. It claims an "ornamental design for an absorbent disposable undergarment" as described in seven drawings, several of which are depicted below.

| Front-Angle View | Front View | Rear View |
| --- | --- | --- |
| FIG. 1 | FIG. 2 | FIG. 3 |

---

[1] Although she does not specify her exact damages, Ms. Anderson indicates that she seeks "relief settlement of [$]50,000,000,000, and all other fee[s]." Appellant's Informal Brief at 4.

Kimberly-Clark manufactures a number of household products, including absorbent undergarments, and has applied for many of its own patents for these designs. For example, in July 1994, Kimberly-Clark filed a patent application for an absorbent swimming garment, which published in 1996 as WO 96/03950 (the WO '950 publication). A figure from the WO '950 publication is illustrated below.



WO '950 Publication

FIG. 5

Ms. Anderson accused nine products of infringing the '328 patent. Of the nine products, Kimberly-Clark maintains that it only manufactures and sells five: four of those under the Depend® brand and one under the Good-Nites® brand.

Kimberly-Clark claims that the four other products—sold under the Assurance® and Certainty® brands—are sold by Kimberly-Clark's competitors (Wal-Mart Stores, Inc. and Walgreen's, respectively), as evidenced by the packaging of those products. Accordingly, Kimberly-Clark informed Ms. Anderson that it did not manufacture those four products identified in the complaint. Ms. Anderson thereafter filed a motion for leave to file a second amended complaint, which included a proposed Second Amended Complaint that deleted all allegations to the Assurance® and Certainty® brands. Although the court granted the

motion, Ms. Anderson never filed the proposed Second Amended Complaint.

Kimberly-Clark moved for judgment on the pleadings under Fed. R. Civ. P. 12(c), alleging that Ms. Anderson's complaint failed to state a plausible claim for relief. Specifically, it argued that the five Kimberly-Clark products were plainly dissimilar from the patented design, and that Kimberly-Clark could not be liable for the Assurance® and Certainty® products made and sold by third parties. In support of its motion, Kimberly-Clark submitted photographs of the allegedly infringing products and publicly available patents and patent applications.

The photographs of the Depend® products are depicted below:

| Depend® For Women Moderate Absorbency | Depend® Silhouette For Women | Depend® Real Fit For Men Briefs Maximum Absorbency | Depend® Underwear for Men Maximum Absorbency |
|---|---|---|---|
| | | | |

And the photographs of the GoodNites® product, showing a boxer-shorts-style layer over a briefs-style undergarment:

| Front View | Top View | Bottom View |
|---|---|---|
| | | |

Ms. Anderson opposed the motion but did not dispute that the photographs of the products accurately represented the appearance of the allegedly infringing products nor that the Assurance® and Certainty® products were made by third parties.

The court granted Kimberly-Clark's motion for all accused products. It took judicial notice of the uncontested fact that Kimberly-Clark was not "responsible" for the Assurance® and Certainty® products and dismissed those products accordingly. *Anderson v. Kimberly-Clark Corp.*, No. C12-1979RAJ, slip op. at 3 n.1 (W.D. Wash. Sept. 25, 2013) (hereinafter, Slip Op.). Alternatively, it interpreted Ms. Anderson's proposed Second Amended Complaint as an admission that Kimberly-Clark was not responsible for those products. *Id.*

As for the five Kimberly-Clark products, the court concluded that Ms. Anderson did not state a plausible claim of infringement. In doing so, it compared the asserted '328 patent to the photographs of the accused products, submitted by Kimberly-Clark, because they were "central" to Ms. Anderson's allegations and because she did "not contend that Kimberly-Clark's photographs

are anything other than true depictions of its accused products." Slip Op. at 4 (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)). The court concluded that "[i]n this case, a side-by-side comparison of the drawings of the '328 Patent to the accused products suffices to demonstrate that there is no infringement." Slip Op. at 5. The court recognized that Ms. Anderson was appearing pro se, but "[e]ven construing her opposition and her complaint with the utmost liberality, she has fallen well short of a viable infringement claim." *Id.* at 6 n.2.

As an alternative basis for its decision, the court took judicial notice of the WO '950 publication and concluded that, if it accepted Ms. Anderson's infringement allegations as true, then the '328 patent was invalid in light of the WO '950 publication. *Id.* at 6.

Ms. Anderson appealed, and we have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

When reviewing a district court's judgment on the pleadings, we apply regional circuit law. *Imation Corp. v. Koninklijke Philips Elecs. N.V.*, 586 F.3d 980, 984–85 (Fed. Cir. 2009). In the Ninth Circuit, a grant of judgment on the pleadings is reviewed *de novo*. *Or. Natural Desert Ass'n v. U.S. Forest Serv.*, 550 F.3d 778, 782 (9th Cir. 2008).

A party may move for judgment on the pleadings as soon as the pleadings are closed. Fed. R. Civ. P. 12(c). A Rule 12(c) motion may be based on the plaintiff's failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(h)(2)(B), (i). A Rule 12(c) motion "faces the same test as a motion under Rule 12(b)(6)." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

A complaint must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to

dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011) (applying *Iqbal* to Rule 12(c) motions because Rule 12(b)(6) and Rule 12(c) motions are functionally equivalent). This "plausibility requirement" requires the allegations in the complaint to "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Although "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," a "court need not [] accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Id.*; *see also Iqbal*, 556 U.S. at 678–79. In evaluating a Rule 12(b)(6) motion, a court may rely on documents outside the pleadings if they are integral to the plaintiff's claims and their authenticity is not disputed. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06 (9th Cir. 1998), *superseded on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). The court may also rely on matters subject to judicial notice. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

Pro se plaintiffs, like Ms. Anderson, are given greater leeway on procedural matters, such as pleading requirements. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). Even so, pleadings will not be sufficient to state a claim if the allegations are merely conclusory. *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 650 (9th Cir. 1984); *see also Sprewell*, 266 F.3d at 988.

Ms. Anderson makes three primary arguments in her appeal: (1) that in granting Kimberly-Clark's motion, the court improperly considered evidence not attached to the pleadings, including the '328 patent itself, the WO '950 publication, and photographs attached to Kimberly-Clark's motion; (2) that the court failed to consider that a Fed. R. Civ. Proc. R. 26(f) conference had not occurred; and (3) that the court improperly granted Ms. Anderson's motion to file a second amended complaint.[2] We see no error in the court's decisions on each of these matters.

I

Ms. Anderson argues that in granting Kimberly-Clark's motion, the court improperly considered evidence not attached to the pleadings, including the '328 patent itself, the WO '950 publication, and photographs of the accused products attached to Kimberly-Clark's motion. Appellant's Informal Brief, Appeal No. 1, 4. We disagree.

The court properly relied on the '328 patent in determining whether Ms. Anderson's complaint stated a plausible claim for relief. Because the asserted patent is central to Ms. Anderson's claim of infringement and its

---

[2] Ms. Anderson does not appeal the court's order dismissing the Assurance® and Certainty® products. Therefore, we need not and do not address this issue. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006).

authenticity has not been questioned, the court did not err in relying on it. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).[3]

We also find no error in the court's consideration of the photographs of the accused Kimberly-Clark products. As the court properly observed, Ms. Anderson "does not contend that the photographs were anything other than true depictions of its accused products." Slip Op. at 4. Determining infringement of a design patent requires comparing the drawings of the patented design to the appearance of the accused products, and the photographs are visual representations of those products. Therefore, as with the '328 patent itself, the photographs are central to Ms. Anderson's complaint of design patent infringement, and their authenticity has not been called into question. *See Marder*, 450 F.3d at 448.[4]

To the extent that Ms. Anderson alleges that, based on a comparison of the '328 patented design with the accused products, the court erred in granting judgment on the pleadings of noninfringement, we also disagree.

In determining whether an accused product infringes a patented design, we apply the "ordinary observer" test, that is, whether "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design."

---

[3]  It is also well-established that a court may take judicial notice of patents or patent applications. *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 n.27 (Fed. Cir. 1993).

[4]  We need not address whether the district court properly considered the WO '950 publication, as discussed *infra* in Part IV.  But we note that the court may properly take judicial notice of the WO '950 publication as a patent application. *See Hoganas*, 9 F.3d at 954 n.27.

*Crocs, Inc. v. Int'l Trade Comm'n,* 598 F.3d 1294, 1303 (Fed. Cir. 2010) (citing *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc)). "In some instances, the claimed design and the accused design will be sufficiently distinct that it will be clear without more that the patentee has not met its burden of proving the two designs would appear 'substantially the same' to the ordinary observer." *Egyptian Goddess*, 543 F.3d at 678.

The court applied the "ordinary observer" test and identified three of the "most striking" differences between the patented design and the accused Depend® products: (1) the patented design contains a "bloomers-style" undergarment that covers each upper leg versus the Depend® "'briefs'-style" undergarment with no leg covering; (2) the leg and waist openings of the patented design are parallel to each other and the ground when standing upright and not at "approximately 45-degree angles" as in the Depend® products; and (3) the patented design requires "an inverted U-shaped section . . . made of different material (or at least a different piece of the same material) than the rest of the garment" (i.e., a dual-material appearance) whereas the Depend® products did not. Slip Op. at 5–6. These differences are markedly apparent, and the court properly concluded that Ms. Anderson did not state a plausible claim for why the ordinary observer would be deceived into believing that the Depend® products were the same as the patented design.

As for the GoodNites® products, the court again found dissimilarities apparent to the ordinary observer. The GoodNites® product consists of a "briefs-style undergarment not unlike the 'Depend' products," but GoodNites® is not a "unitary undergarment," as claimed in the '328 patent. *Id.* at 5. Rather, the GoodNites® product has a "separate (or loosely attached) boxer-short-style layer over it." *Id.* Consequently, the GoodNites® product appears externally to resemble boxer shorts, but has an interior

briefs-style undergarment, unlike the '328 patented design. *See Contessa Food Products, Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1380 (Fed. Cir. 2002) ("One must compare the ornamental features of the patented design, as shown in all of the drawings, to the features of the alleged infringing product visible at any time during normal use of the product."), *abrogated in part on other grounds by Egyptian Goddess*, 543 F.3d at 678. And like the Depend® products, the GoodNites® product lacks the claimed "inverted-U-shaped section" of the patented design. Slip Op. at 6. Although these two differences are sufficient to affirm the court's holding, the GoodNites® product has even further differences from the claimed design because it lacks, from the claimed design, (1) the dual-material appearance, (2) two vertical borders on the back side of the undergarment, (3) a ruffled band around the leg opening similar to the waist band, and (4) an arched crotch area.[5]

The court, therefore, properly concluded that "plain differences" exist between the accused products and the patented design. *Id.* at 6. Ms. Anderson has never explained how or why an ordinary observer would be deceived into thinking that the accused products are the same as the patented design, and her complaint for design patent infringement cannot survive on merely conclusory allegations. Accordingly, we see no error in the court's dismissal for noninfringement. *See Colida v. Nokia, Inc.*,

---

[5] Although the court relied upon only the lack of a "unitary undergarment" and an "inverted-U-shaped section" in the GoodNites® product, these additional four differences are "sufficiently distinct" that, without more, Ms. Anderson cannot meet her burden to prove that the two designs would appear "substantially the same" to the ordinary observer. *See Egyptian Goddess*, 543 F.3d at 678.

347 Fed. App'x 568, 570 (Fed. Cir. 2009) (affirming dismissal of design patent infringement claim against pro se plaintiff on a Rule 12(b)(6) motion to dismiss for failure to state a claim).

## II

Ms. Anderson also contends that the court failed to take into account the fact that the parties had not conducted a scheduling conference according to Fed. R. Civ. Proc. 26(f). Appellant's Informal Brief, Appeal No. 2. According to Ms. Anderson, the parties should have conducted a Rule 26(f) conference by February 4, 2013, based on the court's scheduling order. But the court vacated that deadline. J.A. 61–62. And there is no requirement that the parties must conduct a Rule 26(f) conference before a court may rule on a Rule 12(c) motion, as the Rule 12(c) motion is predicated on the plaintiff's complaint, as filed. *See Iqbal*, 556 U.S. at 678. Ms. Anderson's demand that the parties conduct a Rule 26(f) conference provides no basis for disturbing the court's dismissal of her complaint on the pleadings.

## III

Finally, Ms. Anderson argues that the court improperly granted her motion to file a second amended complaint. Specifically, she complains that the court incorrectly decided to grant her unopposed motion to file her proposed Second Amended Complaint and that she did not serve that complaint upon Kimberly-Clark. *See* Appellant's Informal Brief, Appeal No. 3; Appellant's Informal Reply Brief at 8. To the extent that Ms. Anderson argues that the court erred in granting her own motion, this argument lacks merit and provides no basis for disturbing the court's grant of Kimberly-Clark's motion for judgment on the pleadings.

## IV

In the alternative to granting judgment of noninfringement, the court concluded that the GoodNites® product was "indistinguishable" from the design claimed in the WO '950 publication, which is prior art to the '328 patent. As a result, the court found that if the GoodNites® product infringes the '328 patent, the '328 patent would be invalid in light of the prior art WO '950 publication. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1239 (Fed. Cir. 2009) (finding that a design that infringes if later, anticipates if earlier). Because we affirm the court's judgment of noninfringement on the pleadings, we need not address this issue.

We have considered Ms. Anderson's remaining arguments and find them unpersuasive.

**AFFIRMED**