# United States Court of Appeals for the Federal Circuit

---

**CHIKEZIE OTTAH,**
*Plaintiff-Appellant*

**v.**

**FIAT CHRYSLER, TOYOTA, NISSAN MOTORS CO. LIMITED, HYUNDAI MOTOR AMERICA, FORD MOTOR COMPANY, JAGUAR LAND ROVER NORTH AMERICA, GENERAL MOTORS LLC, KIA MOTORS AMERICA, INC.,**
*Defendants-Appellees*

**DAIMLER AG (MERCEDES BENZ), CITROËN/PEUGEOT MOTOR COMPANY ARNESS PARIS 6 CITY, MITSUBISHI MOTOR CORPORATION, BMW  MOTOR CORPORATION, ROLLS ROYCE CORPORATION, MAZDA MOTOR, SUBURU MOTOR CORPORATION,**
*Defendant*

---

2017-1842

---

Appeal from the United States District Court for the Southern District of New York in No. 1:15-cv-02465-LTS, Judge Laura Taylor Swain.

---

Decided: March 7, 2018

---

CHIKEZIE OTTAH, Brooklyn, NY, *pro se*.

FRANK C. CIMINO, JR., Venable LLP, Washington, DC, for defendant-appellee Fiat Chrysler. Also represented by MEGAN S. WOODWORTH; TODD M. NOSHER, New York, NY.

PETER THOMAS EWALD, Oliff PLC, Alexandria, VA, for defendant-appellee Toyota. Also represented by JOHN W. O'MEARA, JAMES OLIFF.

REGINALD J. HILL, Jenner & Block LLP, Chicago, IL, for defendant-appellee Nissan Motors Co. Limited. Also represented by PETER J. BRENNAN.

JUN-SUK PARK, Arnold & Porter Kaye Scholer LLP, Washington, DC, for defendant-appellee Hyundai Motor America. Also represented by JAMES ALEXANDER KAISER; NICHOLAS LEE, Los Angeles, CA.

JASON R. MUDD, Erise IP, P.A., Overland Park, KS, for defendant-appellee Ford Motor Company. Also represented by ERIC ALLAN BURESH.

MATTHEW J. MOORE, Lathan & Watkins LLP, Washington, DC, for defendant-appellee Jaguar Land Rover North America. Also represented by GABRIEL BELL; CLEMENT J. NAPLES, New York, NY.

MARK MICHAEL SUPKO, Crowell & Moring, LLP, Washington, DC, for defendant-appellee General Motors LLC. Also represented by SCOTT BITTMAN, New York, NY.

DANIEL GRUNFELD, Morgan, Lewis & Bockius LLP, Los Angeles, CA, for defendant-appellee Kia Motors America, Inc. Also represented by JASON EVAN GETTLEMAN, MICHAEL JOHN LYONS, JACOB JOSEPH ORION MINNE, Palo Alto, CA.

———————————

Before NEWMAN, HUGHES, and STOLL, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Chikezie Ottah (herein "Ottah") appeals the decision of the United States District Court for the Southern District of New York.[1] The district court granted summary judgment of non-infringement to several defendant automobile companies with respect to U.S. Patent No. 7,152,840 ("the '840 Patent"), and dismissed the complaint with prejudice as to several other automobile companies. We have reviewed, and now affirm, the district court's rulings.

## BACKGROUND

The '840 Patent is entitled "Book Holder," and describes the invention as "a removable book holder assembly for use by a person in a protective or mobile structure such as a car seat, wheelchair, walker, or stroller." '840 Patent at col. 1, ll. 6–9. The book holder is described as "having an adjustable, releasable clipping means and a support arm configured for . . . adjustment of the book supporting surface of the book holder to hold a book in a readable position in front of the user." *Id.* at col. 1, ll. 9–13.

In the "Background of the Invention" the '840 Patent recites disadvantages associated with prior art book holders, such as "[t]he book holders in the prior art lack the ease of application to a mobile vehicle such as a wheelchair or stroller to allow the reader to have mobility to explore their environment in a stationary sitting or reclining position while reading a book supported on the mobile device." *Id.* at col. 1, ll. 48–53. The '840 Patent

---

[1] *Ottah v. BMW*, 230 F. Supp. 3d 192 (S.D.N.Y. 2017) ("*Dist. Ct. Op.*").

recites ten "object[s] of the present invention," including "provid[ing] a book holder that can be easily and removably attached to and removed from a bar or portion of the mobile vehicle without tools." *Id.* at col. 1, ll. 64–67. Eight of the ten objects refer to the advantages of a holder for books, one refers to a writing board, and one refers to the removable attachment of the mounting structures. *Id.* at col. 1, l. 64 – col. 2, l. 34.

Claim 1, the only claim of the '840 Patent, reads:

1.  A book holder for removable attachment, the book holder comprising:

a book support platform, the book support platform comprising a front surface, a rear surface and a plurality of clamps, the front surface adapted for supporting a book, the plurality of clamps disposed on the front surface to engage and retain the book to the book support platform, the rear surface separated from the front surface;

a clasp comprising a clip head, a clip body and a pair of resilient clip arms, the clip arms adjustably mounted on the clip head, the clip head attached to the clip body; and

an arm comprising a first end and a second end and a telescoping arrangement, the clasp on the first end, the second end pivotally attached to the book support platform, the telescoping arrangement interconnecting the first end [to] the second end, the clasp spaced from the book support platform wherein the book holder is removably attached and adjusted to a reading position by the telescoping arrangement axially adjusting the spaced relation between the book support platform and the clasp and the pivotal connection on the book support platform pivotally adjusting the front surface with respect to the arm.

*Id*. at col. 6, ll. 14–38.

The specification describes the claimed book holder and its removable attachment. Relevant to this suit, the specification concludes with the statement that the book holder may be used to hold items other than books: "The book platform 12 may also be used to support such items as audio/video equipment, PDAs, or mobile phones, cameras, computers, musical instruments, toys, puzzles and games. The panel 16 may be provided with a set of mounting positions for receiving and/or mounting the above items (NOT SHOWN)." *Id*. at col. 5, ll. 35–40. The specification further states:

> Although the invention has been described above in connection with particular embodiments and examples, it will be appreciated by those skilled in the art that the invention is not necessarily so limited, and that numerous other embodiments, examples, uses, modification and departures from the embodiments, examples, and uses are intended to be encompassed by the claims attached hereto.

*Id*. at col. 6, ll. 1–7. The only embodiment that is described and illustrated is for use as a book holder.

In the Second Amended Complaint filed in the district court, Ottah states "I invented a mobile camera," and "[t]he defendant BMW et al are manufacturing using/making the product. Using and selling it. Whereby infringing on the patent." Second Amended Complaint ¶ C, Appellee's Appx80.

Several defendants, including General Motors LLC; Mazda Motor Corporation; Nissan Motors Company Limited; Fuji Heavy Industries; Daimler AG; and Toyota Motor Corporation (collectively, the "MTD Defendants"), moved to dismiss on the grounds of failure to state a claim upon which relief may be granted and for misjoinder. The

MTD Defendants argued that the '840 Patent's claim is explicit to a book holder, and thus Ottah cannot plead a plausible claim for infringement by a camera holder.

Several other defendants, including Fiat Chrysler; Ford Motor Company; Hyundai Motor America; Jaguar Land Rover North America; and Kia Motor America, (collectively, the "MSJ Defendants"), moved for summary judgment of non-infringement. The MSJ Defendants argued that their camera holders did not meet the "removable attachment" limitation of claim 1, because the camera holders on their vehicles cannot be removed without tools.

The district court granted the MTD Defendants' motion to dismiss with prejudice, characterizing Ottah's arguments as "legally implausible." *Dist. Ct. Op.*, 230 F. Supp. 3d at 196. The court observed that the '840 Patent's claim is for a book holder and does not claim a camera holder or any of a camera's components or functions.

The district court also granted the MSJ Defendants' motion for summary judgment of non-infringement. *Id.* at 198. The court observed that the Federal Circuit has previously ruled on the scope of the '840 Patent's claim, holding that the claim requires that any infringing device must be capable of being "removed without tools." *Id.* at 197 (citing *Ottah v. VeriFone Sys., Inc.*, 524 F. App'x 627, 629 (Fed. Cir. 2013) ("*VeriFone*"). The court observed that the MSJ Defendants submitted uncontroverted evidence that their accused cameras were mounted in such a way that tools were necessary to remove them. *Id.* at 197.

The district court also rejected Ottah's argument of infringement under the doctrine of equivalents, finding that this equivalency argument was foreclosed by this court's prior claim construction, which was informed by Ottah's representations during prosecution. *Id.* at 197–98. Additionally, the district court found that the MSJ

Defendants submitted uncontroverted evidence that their accused cameras did not meet the telescoping arm and adjustability limitations of the '840 Patent. *Id.* at 198 n.6. The court held that these undisputed facts also require summary judgment of non-infringement in favor of the MSJ Defendants.

Ottah appeals as to all defendants, arguing that the district court erred in all respects.

DISCUSSION

## I. Summary Judgment of Non-Infringement

A summary judgment of noninfringement receives *de novo* review on appeal. *Comput. Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1373 (Fed. Cir. 2008). Our review "requires two steps—claim construction, which we review without deference, and infringement, which we review to determine whether there was no genuine issue of material fact." *Ormco Corp. v. Align Tech., Inc.*, 498 F.3d 1307, 1312 (Fed. Cir. 2007).

Ottah argues that the district court erred in construing the claim to exclude "fixed mounts" from its scope. Ottah also argues that the mention of cameras in the '840 Patent specification establishes equivalency of a book platform and a camera platform.

This court had previously reviewed claim construction of the '840 Patent, and ruled that several claim limitations require that the claimed book holder has a "removable mounting." *VeriFone*, 524 F. App'x at 629 (construing the "removably attached" term). The *VeriFone* court held that mounts that cannot be removed without tools do not literally infringe claim 1, stating that claim 1 "is clear on its face" and that "nothing in the specification suggests that the claim language should be interpreted in a way at variance with its ordinary meaning." *Id.*

The ruling on claim scope is a matter of "claim construction," which is ultimately a question of law. *See Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 836–38, 841–42 (2015). The issue was finally decided and is not subject to collateral review. *See Markman v. Westview Indus., Inc.*, 517 U.S. 370, 390–91 (1996) (recognizing the need for "uniformity in the treatment of a given patent" and noting that "treating interpretive issues as purely legal will promote (though it will not guarantee) intrajurisdictional certainty through the application of *stare decisis* on those questions not yet subject to interjurisdictional uniformity under the authority of the single appeals court"); *see also* Restatement (First) of Judgments § 70, cmt. a (Am. Law Inst. 1942), ("Under the doctrine of *stare decisis*, where a court has in one case decided a question of law it will in subsequent cases in which the same question of law arises ordinarily decide it in the same way. The doctrine is not rigidly applied, and a court will sometimes overrule its prior decisions. The doctrine of *stare decisis* is applicable although the parties in the later action are different from those in the prior actions."); *Stare Decisis*, *Black's Law Dictionary* (10th ed. 2014).

No error has been shown in this claim construction, and no reason for departing from the rules of collateral estoppel or *stare decisis* as to this claim term. *Miken Composites, L.L.C. v. Wilson Sporting Goods Co.*, 515 F.3d 1331, 1338 n.1 (Fed. Cir. 2008) ("[F]or us not to adopt the same claim construction in a case such as this, in which the construction of the claim term in question was a necessary predicate to the determination of a prior litigation before this court and is evident from the face of the intrinsic record without resort to expert testimony, would run counter to the Supreme Court's guidance on *stare decisis* in *Markman . . . .*"); *Key Pharm. v. Hercon Labs. Corp.*, 161 F.3d 709, 716 (Fed. Cir. 1998) ("We do not take our task lightly in this regard, as we recognize the national *stare decisis* effect that this court's decisions on

claim construction have."); *see also Brady Const. Innovations, Inc. v. Perfect Wall, Inc.*, 290 F. A'ppx 358, 363 (Fed. Cir. 2008) ("Under the principles of *stare decisis* and the Supreme Court's guidance in *Markman*, this court follows the claim construction of prior panels absent exceptional circumstances."). Here, it was shown that the MSJ Defendants' accused cameras utilize fixed mounts that require tools for removal. As such, the accused devices are outside the literal scope of claim 1.

This court in *VeriFone* also held that prosecution history estoppel prevents claim 1 from encompassing, under the doctrine of equivalents, "fixed mounts" that require tools for removal. *VeriFone*, 524 F. App'x at 630. As discussed in *VeriFone*, Ottah argued during prosecution that patentability of claim 1 was based on the removable structure of the mount. *Id.* at 629–30. Claim 1 was only allowed over the prior art after Ottah's argument emphasizing removability. *See* Appl. No. 10/366,779, Reply dated July 25, 2005, at 13 ("[T]he use of adjustable, resilient clip arms on the clasp for clasping the book holder to the movable vehicle providing quick removal without tools . . . is not obvious in light of the prior art.") (Appellee's Appx268). Subject matter surrendered to acquire the patent cannot be recaptured by the doctrine of equivalents. *Duramed Pharm., Inc. v. Paddock Labs., Inc.*, 644 F.3d 1376, 1380 (Fed. Cir. 2011).

We discern no error in the district court's grant of summary judgment of non-infringement, for no reasonable fact finder could find that the accused cameras meet the "removably attached" limitation of claim 1. *See IMS Tech., Inc. v. Haas Automation, Inc.*, 206 F.3d 1422, 1429 (Fed. Cir. 2000) ("[O]n appeal from a grant of summary judgment of noninfringement, we must determine whether, after resolving reasonable factual inferences in favor of the patentee, the district court correctly concluded that no reasonable jury could find infringement."); *Intellicall, Inc. v. Phonometrics, Inc.*, 952 F.2d 1384, 1388 (Fed. Cir. 1992)

("No genuine issue of material fact exists as to claim interpretation to preclude summary judgment and, therefore, the district court's correct interpretation stands."). The summary judgment is affirmed.

## II. The Dismissal with Prejudice

In accordance with Fed. R. Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." *See generally Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). In the Second Circuit, grant of a motion to dismiss is reviewed *de novo* to determine whether the claim is plausible on its face, accepting the material factual allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations and quotations omitted); *Johnson v. Priceline.com, Inc.*, 711 F.3d 271, 275 (2d Cir. 2013).

Ottah is a *pro se* plaintiff. *Pro se* complaints are "to be liberally construed, and . . . held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, a *pro se* plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6). *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) ("Where, as here, the complaint was filed *pro se*, it must be construed liberally to raise the strongest arguments it suggests. Nonetheless, a *pro se* complaint must state a plausible claim for relief.") (internal citations, brackets, and quotation omitted); *see*

*also Anderson v. Kimberly-Clark Corp.*, 570 F. App'x 927, 931–32 (Fed. Cir. 2014).

The district court found that "[t]he '840 patent contains no claim that can be plausibly construed to cover a mobile camera device, a mounted camera, or any kind of camera." *Dist. Ct. Op.*, 230 F. Supp. 3d at 197. The district court found that the '840 Patent's single claim does not mention a camera or recite typical functions or components of a camera. *Id.* at 196. The court also found that "[t]he fact that [Ottah's] book holder could be used to hold a camera does not make it the equivalent of a mobile camera." *Id.* at 197.

Ottah argues that the district court erred, and that the MTD Defendants' "back up camera" infringes claim 1. Ottah Reply Br. at 5. Ottah's only support for this argument are the general statements from the specification, quoted ante, that the book holder can hold items other than books, whereby cameras should be deemed the equivalent of books. However, claim 1 is explicitly limited to books, although Ottah states, and the specification supports, that other items may be supported by the book platform. The record suggests that the limitation of claim 1 to books served to limit the scope of examination to prior art book holders, as reflected in the prosecution history. Thus, the record negates access to equivalency of cameras and books. *See Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1054 (Fed. Cir. 2002) (en banc) ("[A] patentee cannot narrowly claim an invention to avoid prosecution scrutiny by the PTO, and then, after patent issuance, use the doctrine of equivalents to establish infringement because the specification discloses equivalents."). The district court correctly found that the "book holder" cannot plausibly be construed to include or be the equivalent of a camera holder, in view of the specification and the prosecution history.

In addition to requiring tools for removal, contrary to the prosecution history and express claim language that the book holder must be "removably attached," the accused camera structures were not alleged to have the claimed "telescoping arrangement" or to possess a "front surface adapted for supporting a book," as required by claim 1. These differences are not insubstantial, and are reflected in the limitations in claim 1. *See Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 812 (Fed. Cir. 2002) ("[T]he patentee must show that the accused device meets each claim limitation either literally or under the doctrine of equivalents."). We have liberally construed the pleadings, but have concluded that the Second Amended Complaint's accusation of infringement lacks plausibility. The district court correctly dismissed Ottah's complaint with prejudice.

CONCLUSION

We have considered all of Ottah's arguments, and affirm the judgment of the district court.

**AFFIRMED**