# In the United States Court of Federal Claims

No. 18-1312C

(Filed October 30, 2019)

NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
                                *
GERARD L. WEBB,                 *
                                *
                Plaintiff,      *
                                *
    v.                          *
                                *
THE UNITED STATES,              *
                                *
                Defendant.      *
                                *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

WOLSKI, Senior Judge.

This case was initially filed *pro se* on August 24, 2018 by Gerard L. Webb. Mister Webb claims he is owed backpay from both the Army and Department of Veterans Affairs (VA), and that his disability payments are insufficient. *See* Complaint (Compl.), ECF No. 1 at 1; ECF No. 1-1 at 1 (Cover Sheet); ECF No. 5 at 1 (Application for Correction of Military Record); Am. to Compl., ECF No. 7 at 2; Second Am. to Compl., ECF No. 8 at 1; More Definite Statement, ECF No. 9 at 1–2, 6–7; Pl.'s Resp. to Def.'s Mot. (Pl.'s Resp.), ECF No. 13 at 4–8. The government has moved to dismiss this case under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC) for lack of jurisdiction. *See* Mot. to Dismiss (Def.'s Mot.), ECF No. 10. As Mr. Webb fails to state a claim for relief that falls within our court's jurisdiction, the government's motion to dismiss this case must be **GRANTED**.

## I. BACKGROUND

In his initial complaint, Mr. Webb alleged he is owed backpay from the Department of Defense in the amount of $2,608,000,000. *See* Compl. at 1; ECF No. 1-1 at 1. Mister Webb was apparently discharged from the Army in February 2007. *See* ECF No. 5 at 1; Def.'s Mot. Ex. 1. Mister Webb indicated on the cover sheet

7018 1830 0001 4963 6397

accompanying his complaint that the nature-of-suit-code was 340 ("Military Pay – Back Pay") and that the matter involved the Department of Defense. ECF No. 1-1 at 1. Mister Webb submitted an application for correction of military record which he signed on September 5, 2018. ECF No. 5. On that application, Mr. Webb indicated that his base pay from July 3, 1996 to February 7, 2007 should reflect that he is owed "unlimited monthly" amounts and that his allowances while serving in the Army did not cover his off-base expenses. *Id.*

On September 21, 2018, two additional documents from Mr. Webb were filed as amendments to his original complaint. *See Webb v. United States*, No. 18-1312C, 2018 WL 4517511, at *1 (Fed. Cl. Sept. 21, 2018). In the first amendment, Mr. Webb updated the total back pay he was claiming from $2,608,000,000 to $362,608,000,000 "due to further thought [and] evaluation of [his] financial status" and changed the agency identification code of this suit from Department of Defense to Army. Am. to Compl., ECF No. 7 at 1–2; *see also Webb*, 2018 WL 4517511, at *1. The second amendment to the complaint realleges that "pay isn't sufficient to cover all options available, Housing pay, subsistence pay, [and] expenses." Second Am. to Compl., ECF No. 8 at 4. The cover sheet for that amendment indicates that the agency responsible is the VA and that Mr. Webb seeks an "unlimited" amount of "civilian pay-back pay," "civilian pay-disability annuity," and "civilian pay-other." *See id.* at 1 (reciting nature-of-suit codes 300, 303 and 312).

The Court ordered Mr. Webb to file a more definite statement. *Webb*, 2018 WL 4517511, at *2. Specifically, more detail was sought concerning: "(1) the time period for which Mr. Webb believes he was underpaid; (2) the statutes or regulations which he contends entitle him to more pay than he received; and (3) an explanation of why he contends he is owed back pay by the U.S. Department of Veterans Affairs." *Id.* On September 27, 2018, Mr. Webb filed his statement. ECF No. 9. In it, Mr. Webb stated that veterans' disability benefits were insufficient to cover his expenses, identifying New York City apartments where he desired to live and expensive sushi and French restaurants at which he wanted to dine. *Id.* at 1–4. He also alleged that the Army pay and allowances he received from July 1996 through February 2007 were not enough to live off-base, which he calculates using the aforementioned New York expenses. *Id.* at 6–11.

The government filed a motion to dismiss the complaint on October 26, 2018. *See* Def.'s Mot. In it, the government argues that this court lacks jurisdiction to entertain Mr. Webb's claim concerning VA disability benefits, that Mr. Webb's backpay claim is barred by the six-year statute of limitations because he was discharged in February 2007, and that Mr. Webb has failed to sufficiently identify any statutes or regulations which would entitle him to more pay than he has received. *Id.* at 3–4.

On May 24, 2019, a document was received from plaintiff which was filed as a status report. *See* EFC No. 12. Although Mr. Webb reiterated his claim for an

"unlimited" amount of money, the document does not otherwise add to his arguments. *See id.* (itemizing requests for unlimited allowances for base pay, housing, subsistence, and clothing). Because of Mr. Webb's *pro se* status, he was informed of his ability to respond to the government's motion and was given an extension of time for that filing. Order (May 31, 2019). On June 17, 2019, Mr. Webb filed a response to the government's motion to dismiss that mostly repeats his earlier assertions. *See* Pl.'s Resp., ECF No. 13 at 4–6, 8. Although the response is difficult to comprehend, Mr. Webb argues that the pay he received was insufficient to cover his living expenses and that he should receive "unlimited" backpay. *Id.* The response also includes online dictionary definitions, excerpts part of the third Geneva Convention, and recounts a blurb from our court's website explaining the court's jurisdiction. *Id.*

Defendant filed a reply on July 1, 2019. Def.'s Reply, ECF No. 14. In it, the government argues that Mr. Webb has not made any new substantive arguments in his reply and that the original arguments from the motion to dismiss still apply and remain unrebutted. *See id.*

## II. DISCUSSION

### A. Standard of Review

Under RCFC 12(b)(1), this court must dismiss claims that do not fall within its subject-matter jurisdiction. When considering whether to grant a motion to dismiss a case for lack of subject-matter jurisdiction, our court will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Pixton v. B&B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002) (stating that on a motion to dismiss for lack of subject-matter jurisdiction this court views "the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant may prevail, dismissal is inappropriate"); *CBY Design Builders v. United States*, 105 Fed. Cl. 303, 325 (2012).

Though a *pro se* plaintiff's filings are to be held to a less stringent standard than filings drafted by a lawyer, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Schirripa v. United States*, 747 F. App'x. 847, 849 (Fed. Cir. 2018) (relying on *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018), this lenient standard will not spare claims from dismissal which fall outside this court's jurisdiction by failing to either establish a breach of contract by the federal government or identify a money-mandating law which was allegedly violated by the federal government. *See United States v. Bormes*, 568 U.S. 6, 9–11 (1983). This more lenient standard also does not remove a *pro se* litigant's obligation to demonstrate jurisdiction by a preponderance of the evidence. *See McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) (explaining the plaintiff's responsibility for showing that the claim falls within the

court's jurisdiction); *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995) (noting that a plaintiff's status does not excuse defects in the complaint); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) (stating that the burden of proof for establishing jurisdiction is by a preponderance of the evidence).

## B. Analysis

Although it remains difficult to decipher Mr. Webb's claims despite the numerous papers he has been permitted to file, it appears that he is claiming disability benefits from the VA, which he characterizes as civilian back pay, *see* Pl.'s Resp., ECF No. 13 at 4–6, as well as backpay from the Army, *see id.* at 8. Instead of identifying any federal statutes or regulations which entitle him to more pay than he has received, plaintiff seems to be basing his claims on the fact that his actual or desired living expenses exceed what he has been paid. *See* ECF No. 9 at 1–2, 6.

To the extent Mr. Webb challenges the level of his disability benefits, that challenge falls outside the jurisdiction of this court. *See Sindram v. United States*, 130 F. App'x. 456, 458 (Fed. Cir. 2005) (unpublished opinion) (noting that "an appeal to the Veterans Court is the exclusive judicial remedy for the denial of a veteran's benefits, thereby preempting Tucker Act jurisdiction over the plaintiff's claims."); *Bargsley v. United States*, 120 Fed. Cl. 619, 633–34 (2015). In order to pursue a disability benefits claim, a veteran must first apply to the Secretary of the VA. 38 U.S.C. § 5101(a); *see Pope v. United States*, 77 Fed. Cl. 737, 740 (2007). A VA regional office decides whether benefits will be granted. *Pope*, 77 Fed. Cl. at 740 (citing 38 U.S.C. § 511 (2000)). Appeals of those decisions go first to the Secretary and then to the Board of Veterans Appeals. 38 U.S.C. § 7104(a). Under the Veterans' Judicial Review Act of 1988, 38 U.S.C. §§ 7251–7298, Congress gave exclusive jurisdiction for appeals of Board decisions to the Court of Appeals for Veterans Claims. 38 U.S.C. § 7252(a). In turn, the Federal Circuit was given exclusive jurisdiction over appeals from decisions by the Court of Appeals for Veterans Claims. 38 U.S.C. § 7292(a), (c). Therefore, this Court is precluded from hearing veterans' disability claims. *See Pope*, 77 Fed. Cl. at 740; *Davis v. United States*, 36 Fed. Cl. 556, 559 (1996).

The established procedure relating to veterans' benefits precludes the Court from exercising jurisdiction, except in the narrow context of allegations that plaintiff "has been deprived of military disability retirement pay." *Rose v. United States*, No. 10-224C, 2010 WL 4340950, at *3 (Fed. Cl. Oct. 29, 2010) (citing *Fisher v. United States*, 402 F.3d 1167, 1174–75 (Fed. Cir. 2005) (holding that 10 U.S.C. § 1201 is money-mandating)). But Mr. Webb has not alleged that he was retired from the Army due to disability under 10 U.S.C. § 1201. To the contrary, his separation from the Army was a discharge under honorable conditions and not based on a 30 percent disability rating, and he had not served for 20 years---failing to meet both of the alternative requirements. *See* Def.'s Mot. Ex. 1; 10 U.S.C.

§ 1201(b)(3). Thus, his claims concerning disability benefits and the VA cannot be heard by this court.

Concerning Mr. Webb's claim for Army backpay, he contends that the pay he received from July 1996 to February 2007, and his monthly subsistence allowance of approximately $300, were not enough to cover his off-base expenses. ECF No. 9 at 6–7, 9, 11; Pl.'s Resp., ECF No. 13 at 8. Although this court does have jurisdiction over military pay cases, *see, e.g.*, *Greene v. United States*, 65 Fed. Cl. 375 (2005), Mr. Webb's claim falls outside our jurisdiction under the six-year statute of limitations. Claims over which our court would otherwise have jurisdiction "shall be barred unless the petition is filed within six years after such claim first accrues." 28 U.S.C. § 2501 (2018). But Mr. Webb's backpay claim first accrued when he was discharged from the Army in February 2007, placing it well beyond the six-year statute of limitations. *See* Def.'s Mot. Ex. 1; *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (holding that "a cause of action in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit"). Because Mr. Webb's backpay claim was filed after the statute of limitations has expired, it falls outside our jurisdiction.

For the foregoing reasons, Mr. Webb's disability benefits claim cannot be heard in our court, and his backpay claim has been filed too late to come within our jurisdiction. As a consequence, the government's motion to dismiss the case must be **GRANTED**.

### III. CONCLUSION

Even if everything that Mr. Webb alleges is true, there is nothing that our court can do about it, as Congress has not given us jurisdiction to entertain his claims. Plaintiff has not identified any statutes or regulations that would provide this court jurisdiction to hear his disability benefits claim, and any backpay claim has been filed over ten years too late. For these reasons, the government's motion to dismiss this case for lack of subject-matter jurisdiction, under RCFC 12(b)(1), is **GRANTED**. The Clerk shall close the case.

**IT IS SO ORDERED.**

VICTOR J. WOLSKI
Senior Judge