NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**YOLDAS ASKAN,**
*Plaintiff-Appellant*

**v.**

**FARO TECHNOLOGIES, INC.,**
*Defendant-Appellee*

_____

2024-2258

_____

Appeal from the United States District Court for the Middle District of Florida in No. 6:23-cv-00920-PGB-DCI, Judge Paul G. Byron.

_____

Decided:  May 12, 2025

_____

YOLDAS ASKAN, Birmingham, United Kingdom, pro se.

ASHLEY BOLAND SUMMER, Nelson Mullins Riley & Scarborough LLP, New York, NY, for defendant-appellee.  Also represented by ROBERT H. MCWILLIAMS, JR., Columbia, SC; NICOLETTE VILMOS, Berger Singerman LLP, Orlando, FL.

_____

Before PROST, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

Yoldas Askan appeals pro se from a district court decision dismissing his complaint with prejudice. We affirm.

BACKGROUND

Yoldas Askan ("Mr. Askan") owns U.S. Patent Nos. 9,300,841 ("'841 patent") and 10,032,255 ("'255 patent"), which relate to smoothing three-dimensional images. In May 2023, Mr. Askan filed a complaint in the United States District Court for the Middle District of Florida, alleging that certain products of FARO Technologies, Inc. ("FARO") infringed both patents. *See* SAppx2.[1] Mr. Askan then filed a First Amended Complaint. *See id.*, SAppx23.

In July 2023, FARO moved to dismiss the First Amended Complaint for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6). SAppx948–61. In October 2023, the magistrate judge recommended granting FARO's motion to dismiss due to conclusory allegations that did not explain how the accused products infringe at least claim 1 of each patent. SAppx1185–89. In December 2023, the district court adopted the magistrate judge's recommendation. SAppx1315–16. The court issued an order granting Mr. Askan leave to file a Second Amended Complaint but stated that the court would dismiss the action with prejudice if the complaint did not "compl[y] with this Order and all applicable rules and law." SAppx1317–18.

On January 12, 2024, Mr. Askan filed a Second Amended Complaint. SAppx1319–1455. On February 8, 2024, FARO filed a motion to dismiss this complaint under Rule 12(b)(6). SAppx1497–1698. The next day, FARO filed

---

[1]    "SAppx" refers to the supplemental appendix accompanying the Appellee's responding brief.

an answer to the Second Amended Complaint. SAppx1699–1765. On February 21, 2024, Mr. Askan filed a response opposing the motion to dismiss and requesting that FARO disclose certain accused source code in discovery. SAppx2138–56.

On March 27, 2024, the magistrate judge issued a report and recommendation that recommended denying FARO's motion to dismiss the Second Amended Complaint because, according to the magistrate judge, FARO's answer to the Second Amended Complaint mooted the motion to dismiss. SAppx2228–29. On March 31, 2024, FARO objected to the magistrate judge's report and recommendation. SAppx2230–41. On April 24, 2024, the district court reviewed and rejected the report and recommendation. SAppx2280–82. The court explained that FARO had been understandably "confus[ed]" about whether there would be a timeliness question regarding its answer, and the court thus struck the answer and allowed the motion to dismiss to remain pending. SAppx2281–82. On April 26, 2024, Mr. Askan moved to strike the motion to dismiss. SAppx2283–304.

On June 26, 2024, the district court denied Mr. Askan's motion to strike, granted FARO's motion to dismiss, and entered judgment dismissing the Second Amended Complaint with prejudice. SAppx6–10. The court also stated, erroneously, that Mr. Askan had not responded to the motion to dismiss. SAppx3; *see also* SAppx12–13.[2] Based on

---

[2]    According to FARO, the district court's mistake occurred because Mr. Askan's February 2024 opposition to FARO's motion to dismiss and Mr. Askan's April 2024 motion to strike the motion to dismiss "created confusion such that" the court "inadvertently overlooked" the first of these two filings. Appellee Br. 9 n.3.

the court's error, on July 1, 2024, Mr. Askan moved for relief from judgment under Rule 60(b). SAppx2340–65.

On July 17, 2024, the district court construed Mr. Askan's motion for relief as a request for reconsideration and granted it. SAppx12–13. On reconsideration, the court considered Mr. Askan's February 2024 opposition to FARO's motion to dismiss, which the court had overlooked. SAppx15–17. The court affirmed its prior grant of the motion to dismiss and judgment of dismissal with prejudice. SAppx17. The court explained that Mr. Askan "freely admits" that, to establish a plausible claim on the '255 patent, he "must take apart" and "reverse engineer[]" FARO's product, and that, to establish a plausible claim on the '841 patent, FARO must disclose the accused source code. SAppx15 (quoting SAppx2146, SAppx2148) (quotations omitted).

With respect to the '841 patent, the court declined Mr. Askan's request to conduct discovery. SAppx15–17. The court emphasized that the requested source code is "highly confidential" and cannot be considered "before a cognizable claim is laid out." SAppx15–16.

Mr. Askan appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4).

## STANDARD OF REVIEW

We review a motion to dismiss for failure to state a claim under the law of the applicable regional circuit. *AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 34 (Fed. Cir. 2024). Here, the Eleventh Circuit applies de novo review. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We apply Federal Circuit law "to the specific question of whether a complaint states a claim of patent infringement on which relief may be granted." *AlexSam*, 119 F.4th at 35.

Generally, a complaint is sufficiently pled under Rule 12(b)(6) if the claim is plausible, rather than merely "possib[le]" or "conceivable." *Ashcroft v. Iqbal*, 556 U.S.

662, 678, 680 (2009) (citations and quotations omitted). A complaint claiming patent infringement must contain "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim," and must do more than "recit[e] the claim elements and merely conclud[e] that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). We construe pro se litigants' pleadings "liberally," but "a pro se plaintiff must still meet minimal standards to avoid dismissal under Rule 12(b)(6)." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018); *see Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

## DISCUSSION

Mr. Askan raises several arguments on appeal, which we construe liberally. First, Mr. Askan argues that it was improper for the district court to treat his motion for relief under Rule 60(b) as a motion for reconsideration. Appellant Br. 1–2, 14–16, 20–21. According to Mr. Askan, the court should have reopened, not reconsidered, the case, and, regardless, should not have considered the pleading requirements under Rule 12(b)(6). Appellant Br. 20–21. To the contrary, district courts have discretion to reconsider a judgment or order sua sponte. *Horne v. U.S.*, No. 20-14503, 2022 WL 656097, at *4 (11th Cir. Mar. 4, 2022) (citing *McDowell v. Celebrezze*, 310 F.2d 43, 44 (5th Cir. 1962)); *Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1359 n.1 (Fed. Cir. 2006). Here, the court was well within its discretion to reconsider the case. Additionally, the court accounted for the error that prompted Mr. Askan's Rule 60(b) motion. The court considered Mr. Askan's overlooked opposition to FARO's motion to dismiss under Rule 12(b)(6), ultimately affirming the previous dismissal with prejudice. *See* SAppx12–17.

Second, Mr. Askan argues that the court erred by striking FARO's answer to the Second Amended Complaint.

Appellant Br. 10–14. A court has inherent authority to strike a pleading to "ensure prompt disposition of legal actions." *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982). We review the exercise of this power for abuse of discretion. *Id.* Here, the district court did not abuse its discretion when it struck FARO's answer, particularly as it recognized FARO had legitimate grounds for confusion as to the proper timing for its answer. Doing so was within the court's inherent authority "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991) (citation and quotations removed).

Third, Mr. Askan argues that the court erred in dismissing the Second Amended Complaint for insufficient pleading. Appellant Br. 2–10. But Mr. Askan's Second Amended Complaint made conclusory assertions of infringement, failing to allege sufficient factual allegations. *See* SAppx2143–55. In the complaint, Mr. Askan admitted that he failed to allege sufficient factual allegations when he argued that he could address deficiencies in the pleading by either amending the complaint, which he never did, or taking discovery. *See* SAppx2147–49, SAppx2155–56. Moreover, Mr. Askan conceded that he failed to allege plausible infringement in his February 2024 opposition. There, he argued that, to establish plausibility under Rule 12(b)(6), he would need to reverse-engineer FARO's accused product and obtain FARO's accused, confidential source code. *See* SAppx15–16 (quoting SAppx2146, SAppx2148). These statements indicate that the Second Amended Complaint contained conclusory allegations that did not show the elements of infringement and thus could not meet the plausibility requirement.

Fourth, Mr. Askan argues that the court erred by declining his request under Rule 56(d) to conduct discovery to obtain the accused source code. Appellant Br. 16–19. The court properly determined it could not permit discovery in order for Mr. Askan to obtain enough facts upon which to

plausibly plead an infringement claim.  *See Iqbal*, 556 U.S. at 685–86; *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins.").  Moreover, Rule 56(d) only pertains to motions for summary judgment, not motions to dismiss under Rule 12(b)(6).

## CONCLUSION

We have considered Mr. Askan's remaining arguments and find them unpersuasive.  For the reasons stated, we affirm the district court's reconsideration order; its order striking FARO's answer to the Second Amended Complaint; and its order dismissing with prejudice Mr. Askan's complaint and declining his discovery request.

## AFFIRMED

### COSTS

Costs against Mr. Askan.