NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICHAEL J. HOUSE,**
*Plaintiff-Appellant*

**v.**

**GENERAL ELECTRIC COMPANY, GE AVIATION, GE AEROSPACE, CFM INTERNATIONAL, AMERICAN AIRLINES GROUP INC., SOUTHWEST AIRLINES CO., DELTA AIR LINES, INC., UNITED AIRLINES HOLDINGS INC., JETBLUE AIRWAYS INC., SPIRIT AIRLINES, LLC, FKA SPIRIT AIRLINES, INC., EASTERN AIRLINES LLC,**
*Defendants-Appellees*

---

2025-1294

---

Appeal from the United States District Court for the Eastern District of New York in No. 1:23-cv-00071-LDH-LB, Judge LaShann DeArcy Hall.

---

Decided:  October 22, 2025

---

MICHAEL J. HOUSE, Lathrup Village, MI, pro se.

OLEG KHARITON, Dinsmore & Shohl LLP, Cincinnati, OH, for defendants-appellees General Electric Company,

GE Aviation, GE Aerospace, CFM International, Southwest Airlines Co., Delta Air Lines, Inc., United Airlines Holdings Inc., JetBlue Airways Inc.

CALLIE SAND, Greenberg Traurig LLP, Chicago, IL, for defendant-appellee American Airlines Group Inc.

JOHN NEUKOM, Debevoise & Plimpton LLP, San Francisco, CA, for defendant-appellee Spirit Airlines, LLC. Also represented by DANIEL SILVERMAN.

BRADLEY R. HELSTEN, Zumpano Patricios & Helsten, LLC, Holladay, UT, for defendant-appellee Eastern Airlines LLC.

————————————

Before DYK, HUGHES, and STARK, *Circuit Judges.*

PER CURIAM.

Michael J. House appeals pro se a decision of the United States District Court for the Eastern District of New York, dismissing his complaint for patent infringement. *See House v. General Elec. Co.*, No. 23-cv-00071, 2024 WL 4350665 (E.D.N.Y. Sep. 30, 2024) ("*Decision*"). For the following reasons, we *affirm.*

I

Mr. House owns U.S. Patent No. 7,140,873 (the "'873 patent").[1] The patent is generally directed at a process for "pretreating ALL FUELS prior to combustion" that "will allow ALL FUELS to burn more cleanly and efficiently and will promote optimum combustion."

————————————

[1]    The '873 patent application was filed on March 1, 1999, and the patent expired
December 31, 2018, for non-payment of maintenance fees.

'873 patent, Abstract. The claims recite multiple steps for this fuel pretreatment. '873 patent, col. 29 l. 2 to col. 30 l. 22.

On January 3, 2023, Mr. House filed a complaint against appellees[2] in the United States District Court for the Eastern District of New York, alleging that seven of appellees' engines infringed the '873 patent. The district court dismissed the complaint under Federal Rule of Civil Procedure 12(b)(6) without leave to amend. *Decision* at *5. The court agreed with appellees that Mr. House did not provide any allegations explaining how appellees' accused engines performed the steps articulated in the '873 patent. *Id.* at *4. It further determined that any amendment would be futile. *Id.* at *5.

Mr. House appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(1).[3]

On September 2, 2025, while this appeal was pending, Spirit Airlines filed its second Notice of Suggestion of Bankruptcy and Automatic Stay of Appeal. Dkt. No. 39. The court subsequently stayed the appeal as to Spirit Airlines and issued an order directing the parties to inform the court on how they believed this appeal should proceed. Dkt. No. 41. The non-debtor appellees responded requesting that the court issue its final decision as to them. Dkt.

---

[2]  Appellees are aircraft engine manufacturers, General Electric Co., GE Aviation, GE Aerospace, and CFM International as well as their airline customers American Airlines Group Inc., Southwest Airlines Co., Delta Air Lines, Inc., United Airlines Holdings Inc., JetBlue Airways Corp., Eastern Airlines LLC, and Spirit Airlines, LLC f/k/a Spirit Airlines, Inc.

[3]  Mr. House filed his notice of appeal one week after the deadline for appeal, but the district court subsequently granted his motion for an extension of the appeal deadline.

No. 42.  Spirit Airlines and appellant Mr. House did not respond to the order.

We agree that the final decision should issue.  However, in view of Spirit Airlines's bankruptcy proceedings, this decision applies only to the non-debtor appellees.  The case remains stayed as to Spirit Airlines.

## II

We review the grant of a Rule 12(b)(6) motion to dismiss *de novo*.  *See AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 34 (Fed. Cir. 2024).  To determine whether a claim is plausible on its face, we "accept[] the material factual allegations in the complaint and draw[] all reasonable inferences in favor of the plaintiff."  *Id.* (quoting *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018).  The complaint of a pro se plaintiff is to be construed liberally, but the pro se plaintiff "must still meet minimal standards to avoid dismissal under Rule 12(b)(6)."  *Ottah*, 884 F.3d at 1141.

On appeal, Mr. House only challenges the dismissal of the complaint as a violation of his Seventh Amendment right to a jury trial.  *See* Appellant's Br. 1–3.  It is well established that the Seventh Amendment provides a right to a jury trial only where a plaintiff has demonstrated a triable issue of fact.  *See Fidelity & Deposit Co. of Md. v. United States*, 187 U.S. 315, 319–20 (1902); *Shore v. Parklane Hosiery Co.*, 565 F.2d 815, 819 (2d. Cir. 1977), *aff'd* 439 U.S. 322, 336 (1979).  None exists here.  Even liberally construing Mr. House's complaint and accepting alleged facts as true, the complaint does not plausibly allege that the appellees infringe the '873 patent.

While a patentee need not prove his case at the pleading stage or plead infringement on an element-by-element basis, he also "cannot assert a plausible claim for infringement . . . by reciting the claim elements and merely

concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Instead, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.* Mr. House does not dispute that he did not provide any allegations of how appellees' accused engines perform the fuel processing claims of the '873 patent. The complaint included a claim chart for only two of the seven accused engines, and even then the claim charts only identified general features of the engines as well as general press statements, without an adequate, non-conclusory explanation of how these features and press statements related to alleged infringement of the '873 patent claims. Just as a claim chart is "not required . . . to avoid dismissal under Rule 12(b)(6), *AlexSam*, 119 F.4th at 42, neither is the attachment of a merely conclusory claim chart sufficient to avoid dismissal. Mr. House's complaint thus fails to plausibly plead a claim for relief, and there are no triable issues of fact implicating the constitutional protections of the Seventh Amendment.

We have considered Mr. House's remaining arguments and find them unpersuasive.

## AFFIRMED

COSTS

No costs.